## McKay v. Thorington *et al.*

1. DELIVERY BY SHERIFF TO HIS SUCCESSOR. Where a sheriff actually receives property from his predecessor, or receives the writ under which it is held, and dispenses with an actual delivery, his liability for the safe keeping of the same is established without the execution of a receipt; but mere silence or inaction, unless it be under circumstances which makes it a waiver, is not sufficient to charge the incoming sheriff.

2. NEW TRIAL: INSUFFICIENCY OF EVIDENCE. When the Supreme Court is satisfied that a verdict was against the *weight* of evidence, it may set the

same aside, and award a new trial; but this power should be exercised only when the conclusion is irresistible that the verdict was not the result of a free, sound and unbiased exercise of judgment on the part of the jury, and that manifest injustice will be done if it is permitted to stand.

3. SAME. An order of the court below, overruling a motion for a new trial based on the ground that the verdict was against the evidence, will not be disturbed, unless it presents a clear case of abuse of discretion.

*Appeal from Scott District Court.*

MONDAY, JUNE 8.

ACTION upon the official bond of Thorington as sheriff. The charge is, that plaintiff commenced his action by attachment against certain parties; had personal property attached by Leonard, the predecessor of Thorington; that Leonard, at the expiration of his term, transferred and delivered the writ and property to his successor, whose duty it was to safely keep and preserve said property; that he did not so keep the same, but neglected his duty, whereby the property was lost, &c. The answer denies that said defendant ever received the said property, or any part of it. Trial and judgment for defendant, and plaintiff appeals.

*Bennett & Whitcomb* for the appellant.

*Davison & True* for the appellee.

It is a well settled principle that appellate courts will never reverse a judgment founded on a verdict of a jury, where there was evidence to sustain it, especially if there was no showing that the verdict was the result of undue influence, misbehavior of the jury, or misapprehension of the law. *Bowman* v. *Torr*, 3 Iowa, 571; *Hall* v. *Hunter*, 4 G. Greene, 539; *Parker* v. *Hendrie*, 3 Iowa, 263; *Lloyd* v. *McClure*, 2 G. Greene, 139; *Gordon*, Adm., v. *Pitt*, 3 Iowa,

385; *Winfield* v. *The State*, 3 G. Greene, 339; *Devin* v. *Harris*, Id., 186.

The verdict in this case was sustained by the evidence.

WRIGHT, J. The point in controversy is, whether the sheriff (Thorington) ever received the property from his predecessor, or so acted in relation to it as to make him liable for its safe keeping. That the property was attached, and the benefit of such levy lost to the plaintiff, by the negligence of some one, is very well established. If Thorington was the guilty party, then that he is liable there is no doubt. And whether he is thus guilty, depends upon the delivery or non-delivery of the property to him by Leonard.

The statute provides that, "When a sheriff goes out of office, he shall deliver to his successor all books, papers and property attached or levied upon, and take his receipt specifying the same," &c., Rev. of 1860, § 391. The court instructed, "That it was Leonard's duty to deliver the property, as well as the writ by virtue of which it was attached. If Leonard simply left the writ with Thorington, and agreed at a future time to go with the latter and point out the property, but never did so, then Thorington would not be liable for not safely preserving and taking care of it. But if Leonard left the writ with him, and offered to go and deliver the property, and Thorington took it upon himself to dispense with an actual pointing out and delivery, then he would be liable for any subsequent loss, to the same extent that he would be if the delivery had been actual. But he would not be liable if the property was never delivered, or unless he dispensed with and waived an actual delivery."

These and similar instructions, enunciating the same general propositions, were given, presenting clearly the view of the law taken by the court, as applicable to the

practical question made on the trial.    To these instructions
we do not understand appellant as objecting, except to
claim that under the facts they were calculated to mislead
and confuse the jury.

While, for his own protection, it would be better for the
officer to take a receipt from his successor for the property,
&c., delivered to him, such a receipt is not necessary to fix
the liability of the new sheriff, if he in fact receives the
property, or if he dispenses with such actual delivery.
There was no receipt in this instance, but plaintiff claims
that the property was nevertheless transferred, either ac-
tually or constructively, by the conduct of Thorington in
waiving the manual delivery.    That Thorington would be
liable for the loss if he dispensed with the actual pointing
out and delivery of the property, to the same extent as if
it had been fully, completely and actually delivered, we
entertain no doubt.    And it is to these alternative views
that the instructions are directed.    Upon the part of the
plaintiff, the effort was to show that he was liable, if not
for having actually received it, at least because he had
waived its delivery.    And thus viewing the case, and of
its correctness there can be no doubt, we do not see how
instructions could reasonably have been more pertinent, or
better calculated to present to the jury the very question
submitted for their determination.

But the point most relied upon is, that the verdict was
clearly and manifestly against the evidence.    Of course
there is no question as to our right and duty to set aside a
verdict and award a new trial, when the verdict is against
the weight of evidence, or against the truth of the case.
When a court conscientiously believes that a verdict is
against the truth, or the weight of the submitted evidence,
a new trial should unhesitatingly be ordered.    But to
justify such interference, the mind should be brought irre-
sistibly to the conclusion that the verdict was not the

result of a free, sound and unbiased exercise of judgment on the part of the jury, and that manifest injustice would result if the verdict is permitted to stand. It is not every case of doubt, nor where there is an apparent preponderance of evidence against the conclusion of the jury, that justifies a court in setting aside a verdict. And this is more especially true, in an appellate court, where the judge below who heard the whole testimony, and had an opportunity to see and determine from their manner, the credibility of witnesses, has, after due deliberation, refused to interfere. It is a constant practice in this court, as in all other appellate tribunals, to refuse to disturb such rulings, when a new trial is granted, and when we would have done the same thing, if it had been refused. And this upon the principle that a discretion is wisely lodged in such cases, with the judge trying the case, which should not be controlled, except in a clear case of its abuse.

Applying these well settled rules to this case, we do not feel warranted in disturbing the verdict. We entertain no doubt but that Leonard believed that he had transferred the property, and that Thorington had received it from him as his successor. So far as the testimony tends to show an actual delivery, however, the jury was fully warranted in finding for defendant. The question of most doubt is, whether Thorington did not waive or dispense with such delivery. Sitting as a jury, from the facts before us, we admit that we should have found otherwise. But this is not sufficient to warrant a reversal of the case. While the great body of the testimony tends to show that Thorington treated the property as delivered or under his control, the point is nevertheless not made so conclusively clear, as that a jury, in the exercise of a sound judgment, might not consistently have found otherwise. From our stand point, we incline to the opinion that the verdict upon this issue should have been for the plaintiff. It is not so

clearly against the weight of evidence, however, as to authorize us to conclude that it was not the result of a free, sound and unbiased exercise of judgment. It is one of those cases where, if the verdict had been for plaintiff, we should have regarded it more in accordance with the testimony as it impresses us, yet being for defendant, there is no such clear abuse of judgment on the part of the jury, as to justify our interference.

Thorington might have demanded from his predecessor the actual delivery of the property. If he did not do so, however, or did not waive it, it was Leonard's duty to see that it was made, and if in this he failed, he, and not Thorington, would be liable. The transfer of the writ did not so invest the new sheriff with the control or possession of the attached property as to make him liable for its loss. Mere inaction or silence on his part, unless it was such as to amount to a waiver of an actual delivery, would not release Leonard, nor devolve upon Thorington the duty of looking after and taking care of the property.

. We feel constrained to hold, therefore, in view of the well settled principles governing us in determining such questions, (though not without much doubt,) that the judgment must be affirmed.