## McKAY v. LEONARD et al.

1. **Sheriff:** RECEIPT. The failure of an outgoing sheriff to take a receipt from his successor for property turned over to him, would not, necessarily, continue his liability for the safe keeping of such property. If the property is actually delivered to his successor, it is sufficient to devolve the responsibility upon such successor.

2. **New trial:** ERROR WITHOUT PREJUDICE. An erroneous instruction, which worked no prejudice to the appellant, is not sufficient ground for granting a new trial.

*Appeal from Scott District Court.*

THURSDAY, DECEMBER 15.

THIS case grows out of the same transaction as that of *McKay* v. *Thorington et 'al.*, 15 Iowa, 25. Leonard, as sheriff, had several writs of attachment placed in his hands in December, 1859, and among others, one in favor of the present plaintiff. He levied upon certain personal property, and afterward delivered the writs to his successor, Thorington. The property was lost, or at least was not forthcoming to answer an execution issued upon a judgment obtained by plaintiff. In the former action, plaintiff claimed against Thorington and his sureties, insisting that the property was in his possession or under his control, and lost by his negligence. The jury found for defendants, and that ruling was affirmed in this court. This action is against Leonard, the officer who made the levy, and his sureties, to recover for the loss of the same property, charging that it

was through his fault that it was not forthcoming to answer the execution. Trial and verdict for plaintiff, and defendants appeal.

*Cook & Drury* for the appellants.

*Bennett & Whitcomb* for the appellee.

WRIGHT, Ch. J. — To reverse this case, appellants rely upon two grounds: *First.* That the instructions were contrary to law. *Second.* That the verdict is against the evidence.

**1. SHERIFF: receipt.**

And, first, as to the instructions. The single question of fact in this case is, whether Leonard delivered the attached property to his successor, or whether such delivery was waived so as to devolve the care and responsibility thereof upon Thorington and discharge himself. Speaking of the duty of a retiring sheriff, the statute provides that "he shall deliver to his successor all books and papers pertaining to the office, and property attached and levied upon, * * * and all prisoners in jail, and take his receipt specifying the same, and such receipt shall be sufficient indemnity to the person taking it." (Rev., § 391.) The court below referred at length to the policy and purpose of this statute, and concluded by instructing the jury that "if Leonard took no receipt for the attached property, from his successor, his liability for the due care and preservation of the same continued as before, and for such of it as was afterward lost through negligence (if any) he and his sureties are liable in this action."

After stating this view of the statute, the judge proceeds to remark that this would not in all cases necessarily be the result of a failure to take such receipt, and puts a case to illustrate the exception to the general rule, but which is not pertinent to the present inquiry, and need not therefore be referred to by us. Appellants insist that this con-

struction of the statute was incorrect, and such is our conclusion. . A different view of it was taken in the case of *McKay* v. *Thorington*, 15 Iowa, 25, and with that ruling we are still well satisfied. The transfer of the writ (of attachment) alone would not so invest the new sheriff with the control or possession of the property as to make him liable for its loss. But if in addition to this, Leonard delivered the property to Thorington, or if Thorington waived its delivery, this would be sufficient to devolve responsibility upon the latter and discharge the former. The failure to take the receipt would not continue Leonard's liability in favor of plaintiff. The statute is directory merely. As was said in the former case, it would be better for the outgoing sheriff, for his own protection, to take such receipt, but it is not necessary to relieve him from liability. His failure to take such receipt may be a circumstance more or less strong against him, but by no means conclusive. There may exist other evidence of the fact of delivery, or that the responsibility is with the new, rather than the old sheriff; and when this is shown, the discharge of the former officer and the liability of the successor, are just as complete (though established by a different kind of testimony) as though the most formal receipt had been executed. We do not believe that the statute has any reference, primarily at least, to the rights or interests of third persons. It was intended to prescribe rules, or directions to a sheriff about to retire from office, in relation to property, books, papers and prisoners in his care and custody. And as he would not be liable for the escape of a prisoner, neither would he for the loss of property delivered or transferred to his successor, or the delivery or transfer of which was duly waived, by his failure to take the receipt specified in the statute.

But though this is one construction of the statute, the question still remains, whether for this error the case

2. NEW
TRIAL:
error with-
out preju-
dice.

should be reversed. Appellee claims that, if error, it worked no prejudice, and to this view of the record we turn our attention.

The jury in addition to finding generally for the plaintiff, in answer to several interrogations propounded to them by the court, found the following facts:

*First.* That Leonard, in going out of office, did not actually deliver to his successor the attached property, and Thorington did not actually receive and take possession of the same.

*Second.* That Leonard did not offer to actually deliver the property, and Thorington did not waive and dispense with such delivery.

*Third.* That Leonard did not take a receipt for the attached property.

*Fourth.* That the property was lost through negligence, after Leonard went out of office.

Now if the jury was justified, from the testimony, in finding these facts, we confess that we cannot see how this instruction could have prejudiced appellants. For if the property was not delivered, or its delivery waived or dispensed with, then clearly Leonard would be liable, and the taking or not taking of the receipt, would cease to be of importance in the case. The only doubt would be, whether the jury could have understood that there could be no actual delivery, unless Leonard took a receipt. If this is the fair inference from all the instructions, then the case would not be relieved of its error by the special findings. Such an inference, however, it seems to us, is both unfair and unwarranted. We must suppose that the jury understood their duty and discharged the same as intelligent men. We are not to indulge in the presumption that they misconceived and misunderstood the instructions, nor that they applied the law of one part of the case to another. By no fair process of reasoning can it be claimed that the

court meant to say that the receipt was necessary to complete the delivery or to show a waiver. By possibility such a construction might be tortured out of the language used. But it would be unreasonable and unfair, and as we are not warranted in thus doing injustice to the charge, neither will we presume that the jury violated their duty.

Thus viewing the case, it hardly need be said that thus far, there is no cause for reversal, for error without prejudice affords no ground for complaint.

II. Was the verdict warranted by the evidence? Upon this subject we refer to what was said in the case against Thorington, *supra.* There we had heavy doubts as to the correctness of the verdict, and yet felt constrained to leave it undisturbed. It is not illogical to say that this verdict is a confirmation of that. One jury has said that Thorington was not liable, and a second, that Leonard is. The present verdict, upon the plainest principles, tends to strengthen the other, and weaken our former doubts. Take it all together, the present case is at least as strong *against* defendants as it was weak *for* the plaintiff before.

The jury has found generally and specially for plaintiff after testimony to, and weighing a large amount of testimony—some of it very conflicting—and in such a case we do not believe it is our duty to interfere.

Affirmed.