# APPENDIX.

## NOTES OF CASES NOT OTHERWISE REPORTED.

BERGERT & BRO. v. DAVENPORT CITY RAILWAY COMPANY.

*Appeal from Scott District Court — Thursday,
February 22.*

NEW TRIAL: INSTRUCTIONS: CONTRIBUTORY NEGLIGENCE.

THE plaintiffs bring suit to recover damages for injuries to their horse, caused by the alleged negligence of the defendant, consisting in the use of bad and insufficient material in one of their bridges across a gutter in one of the streets of the city of Davenport, whereby the plaintiffs' horse broke through the same and was injured, without any negligence on their part.

The defendant answers denying all the allegations of the petition. Jury trial. Verdict for plaintiff, and defendant appeals.

*Stewart & Armstrong* for the appellant — *Cook & Bruning* for the appellees.

MILLER J. — 1. The first error insisted on in argument is, that " the verdict is against the weight of the evidence in the case."

The statute provides (Revision, § 3112), that "when the verdict, report or decision is not sustained by sufficient evidence," a new trial will be granted; and this court has said that "when satisfied that a verdict is against the weight of evidence, a new trial will be awarded. But to justify such interference, the mind should be brought irresistibly to the conclusion that the verdict was not the result of a free, sound and unbiased exercise of judgment on the part

of the jury, and that manifest injustice would result if the verdict be permitted to stand." See *McKay* v. *Thorington*, 15 Iowa, 28. The case before us does not come within the rule stated. It is not contended by appellant's counsel that defendant was not shown to have been negligent in the manner alleged in the petition, but it is insisted that it was not sufficiently proved that the person who was driving the horse at the time of the injury, was exercising proper care. Upon this question the evidence is conflicting, and this court has held, in a great number of cases, that where the evidence is conflicting, and the court below has refused to set aside the verdict, on the ground that it is not sustained by sufficient evidence, we will not interfere.

In this case we are of opinion that the evidence fully justified the verdict.

2. It is next claimed by appellant's counsel that the instructions numbered 1, 2 and 3, asked by defendant and refused by the court, embodied the law, and should have been given or embodied in the charge of the court, which it is insisted was not done.

On examination of the charge of the court, we find the same rules of law given to the jury for their guidance as are embodied in the instructions refused. The jury is told, in substance, that it must be shown that the defendant was guilty of a want of ordinary care and caution; that the person driving the horse at the time of the injury was exercising ordinary care and caution, and that *both of these facts must concur* in order to authorize a recovery by the plaintiff. This embodies the same doctrine contained in the instructions asked by defendant and contended for in argument. There was, therefore no error in refusing the instructions asked.

3. It is also insisted that there was error in giving the second, third and fourth paragraphs of the charge of the court, for the alleged reason "that the court entirely ignored the question of contributory negligence."

Upon examination of portions of the charge objected to, we do not find either of them open to the objection urged. In each paragraph, the court places the right of the plaintiff to recover, not only on proof of the negligence of defendant, but also requires it to be shown that the person driving the horse was exercising ordinary care and vigilance at the time the injury occurred.

The judgment of the district court is

Affirmed.