PARKER *et al.* v. THE DUBUQUE SOUTH WESTERN R. R. Co.

1. Instructions: HOW CONSTRUED. Instructions should be construed in connection with each other, and not abstractly.

2. Railroad: DUTIES OF: LIABILITY FOR STOCK KILLED. A railroad company is bound to have in charge of its engines men of reasonable skill and judgment, and the engineers thus in charge must exercise such judgment and skill, in avoiding injury to cattle on the track, having due regard to the safety of the train and passengers, in order to exonerate the company from liability.

*Appeal from Jones District Court.*

THURSDAY, JULY 25

ACTION to recover damages for the injuring of a heifer, and the killing of two heifers and a steer, the property of plaintiffs, by a locomotive and train of defendant. Jury trial. Verdict and judgment for plaintiffs. Defendant appeals. The necessary facts are stated in the opinion.

*N. M. Hubbard* for the appellant.

*Pierce & Keeler* for the appellee.

DAY, J. — I. The first point made by appellant is that the verdict is against the evidence.

While, if the question were before us as an original one, determinable merely upon the weight of evidence, we might arrive at a result different from that reached by the jury, yet there is not such a preponderance of evidence against the verdict, as to bring our minds irresistibly to the conclusion that it "was not the result of a free, sound and unbiased exercise of judgment, on the part of the jury, and that manifest injustice would result, if the verdict is permitted to stand." This being the case, in view of the many and long established precedents in this State and elsewhere, we feel that we are not warranted in disturbing the verdict.

Among the many authorities on this subject, we deem it sufficient to cite *McKay* v. *Thorington et al.*, 15 Iowa, 25.

II. The court, among others, gave the jury the following instructions, to wit:

"4. Defendant is bound to make such efforts to stop the train when cattle are upon the track, as they can

ordinarily do, with safety to its train and passengers. The servants of a railroad company cannot wantonly or through gross negligence run over stock on the road, and, on the other hand, they are not held to the greatest care and diligence to avoid injury.

" 5. If you find from the evidence that the engineer saw the cattle, as soon as he, using ordinary caution, could do so, and that they were not then on the track, that is, in a position to be struck by the engine, he was not bound to stop his train, on the supposition that they might come upon the track. In other words, if you find that the cattle were not on the track, and the engineer in the exercise of ordinary caution, believed they would not come on the track, he was not bound to come to a full stop even if he could have done so, before reaching the place where the cattle were. He was not bound to reverse his engine as soon as he saw the cattle on or near the track, unless it appears that a person using ordinary care, and situated as he was, would believe that the cattle would be injured, and act accordingly.

" 6. If, however, the cattle were seen by the engineer, as soon as he reasonably could do so, that they were then on the track, and that the engineer, without injury to the train or danger to the passengers, could, in the exercise of ordinary care, have stopped his train, or frightened the cattle away with the whistle, and he carelessly neglected to do either, by reason of which negligence the accident occurred, the defendant is liable for such of the cattle as were killed, and for the damages of such as were injured; and if the cattle came on the track after they were seen by the engineer, and he might have safely stopped the train before reaching them, and neglected to do so, then defendant is liable."

The defendant excepted to each of these instructions. The principal objection is to the last clause of the fifth instruction, to wit: "*He was not bound to reverse his*

*engine as soon as he saw the cattle on or near the track, unless it appears that a person using ordinary care and situated as he was, would believe that the cattle would be injured, and act accordingly.*" It is claimed that this implies that the engineer should have reversed the engine as soon as he saw the cattle, *regardless of ·the safety of the train,* if in the exercise of reasonable care he believed that the cattle would be injured. Whatever construction might be placed upon this sentence standing alone, it is clear to us that, standing in connection with the other instructions above set out, it could not reasonably have been understood as claimed.

In the fourth instruction the jury are told that what is required of defendant is to make such efforts to stop its train when cattle are upon the track, as can ordinarily be used *with safety to its train and passengers.* And the same idea is embraced in the sixth instruction. And, it seems to us, that this portion of the fifth instruction, rightly understood and reasonably interpreted, does not convey a different meaning. The principle involved in this instruction is this: That the engineer was bound to reverse the engine as soon as he saw the cattle, if a person using ordinary care, and situated as he was, would do so. But the jury were told in other instructions that the care required was the use of such efforts as could ordinarily be exerted with safety to the train and passengers. Any greater exertion would transcend ordinary care, and hence would go beyond what the fifth instruction directed the jury the engineer was required to use. From these instructions, taken together, the jury could not reasonably have inferred, that it was the duty of the engineer, if he saw danger to the cattle impending, to reverse his engine, without regard to the results to his train.

It is claimed that the sixth instruction is erroneous, in that it directs the jury that if the engineer could have frightened the cattle away with the whistle and carelessly

neglected to do so, the defendant is liable. It is urged that there is no conflict in the evidence, that the whistle was blown for cattle nearly all the way from the time brakes were called for, till the cattle were struck, and that it was therefore error to submit to the jury the question of the defendant's negligence, arising from a failure to use proper efforts to frighten the cattle away. In this view of the evidence, appellant is in error. The engineer with respect to this, testified as follows : "I called for brakes twice ; also, gave several short whistles for cattle."

No objection is urged to the fourth instruction of the court.

III. The court refused to give, at the instance of the defendant the following instruction, to wit: "If the engineer saw the cattle, warned them while on the track, and believed he could scare them off the track, he was not bound to reverse his engine or stop his train ; and, if the cattle were killed by a mistake in the engineer's judgment, defendant is not liable, provided the engineer was guided in his judgment by the experience of engineers." The defendant excepted to this refusal and assigns it as error.

It was the duty of the defendant to place in charge of its train a man of reasonable skill and judgment, and the duty of the person so in charge to exercise such judgment and skill, in order to exonerate the defendant from liability. Now the fault in the instruction asked is, that it does not demand of the engineer in charge the exercise or possession of ordinary judgment ? Under the instruction asked the simple mistaken judgment of the engineer, no matter how unreasonable or absurd that judgment may have been, provided it was guided by the experience of engineers, discharges the defendant from liability. To be guided is to be led, conducted, directed in the way, instructed and directed. A defective judgment, though *guided* by the experience of others, would probably mistake the relations

of given propositions, and thus reach erroneous con-
clusions. It is only by the possession and exercise of a
good judgment, that the experience of others can be made
of any avail in a given contingency.

The court, therefore, did not err in refusing to give the
instruction asked.

The judgment of the district court is

Affirmed.