## CONKLIN V. THE CITY OF DUBUQUE.

1. **New Trial**: DISCRETION OF COURT: VERDICT AGAINST EVIDENCE. The granting of a new trial on motion of the defendant, on the ground that the verdict was against the weight of the evidence, in a case where the only evidence given was the testimony of the plaintiff, which was, in some respects, contradictory and inconsistent, was held to be within the discretion of the court, and was sustained.

### *Appeal from Dubuque District Court.*

TUESDAY, OCTOBER 19.

THIS is an action for the recovery of damages for injuries sustained by a fall occasioned by an accumulation of ice on a street of the defendant. There was a jury trial, resulting in a verdict for the plaintiff for $2085.

Upon motion of defendant the verdict was set aside, and a new trial was granted. The plaintiff appeals.

*J. H. Shields*, for the appellant.

*Pollock & McNulty*, for the appellee.

DAY, J.—The cause was submitted to the jury upon the evidence of the plaintiff alone.

The motion for a new trial is based upon several grounds. The record does not show upon what ground the new trial

1. NEW TRIAL: discretion of court : verdict against evidence.

was granted. The appellee claims in argument that the new trial was granted upon the ground that the verdict was contrary to the preponderance of the evidence. As this claim narrows the inquiry to a single question, and is against the interest of the appellee, it may be accepted as true. We have, then, a case where the court below granted a new trial upon the ground that the verdict is not supported by the preponderance of the testimony.

We always interfere very reluctantly with an order of the trial court refusing a new trial, and more reluctantly with an order granting a new trial. There are very many things attendant upon the trial in the *nisi prius* court which never can be fully presented to an appellate court. The *nisi prius* court has much better facilities for determining whether justice has been done, and hence its ruling is always presented here with a presumption in its favor. A discretion as to granting a new trial is lodged with the court trying a case, which we do not attempt to control except in a clear case of abuse. *McKay v. Thorington*, 15 Iowa, 25; *McNair v. McComber*, Id., 368; *Whitney v. Blunt*, Id., 283; *New York Piano-Forte Company v. Mueller*, 38 Id., 552.

A stronger case must be made to justify the interposition of this court when a new trial has been granted than when it has been refused. *Shepherd v. Brenton*, 15 Iowa, 84 (91); *Phelps et al. v. Hart*, Id., 596; *Puble v. McDonald*, 7 Id., 90; *Newell v. Sanford*, 10 Id., 396; *Caffrey v. Groome*, Id., 548; *Alger v. Merritt*, 16 Id., 121; *New York Piano-Forte Company v. Mueller*, *supra*.

It is claimed that there is no conflict of evidence, because the defendant introduced no testimony. But the evidence on the part of plaintiff shows that he drank three times within

an hour before the injury, and his testimony is, in many respects, contradictory and inconsistent.

It raises such a question as to whether the plaintiff was in the exercise of ordinary care at the time of the injury, that, if the verdict had been for the defendant, it would not have been without support in the testimony.

Whilst we would have sustained the action of the court if the verdict had been permitted to stand, still, we do not feel warranted in holding that the record discloses a clear case of abuse of discretion. We reach this conclusion the more readily in view of the fact that the ruling of the court does not render the plaintiff remediless, but simply requires that the case shall be re-tried.

AFFIRMED.