## Hill v. Denslinger.

1. **New Trial**: DISCRETION OF COURT IN GRANTING. The granting of a new trial rests in the discretion of the trial court; and while this is a legal, and not an arbitrary, discretion, yet an order granting a new trial will not be set aside by the appellate court unless it be affirmatively shown that this discretion has been abused.

*Appeal from Dubuque District Court.*

TUESDAY JUNE 12.

ACTION upon two promissory notes. There was a verdict whereon a judgment was rendered for plaintiff, which, upon motion of defendant, was set aside and a new trial granted. Plaintiff appeals.

*Utt Bros.*, for appellant.

*McCeney & O'Donnell* and *T. S. Wilson*, for appellee.

BECK, J.—I. The promissory notes sued upon are payable to Stone & Roundy, and are non-negotiable. The payees transferred them to plaintiff. The defendant in his answer alleges that the consideration of the notes has failed, showing that they were given in pursuance of a contract, which constituted their consideration, entered into between him and Stone & Roundy, wherein they were bound to furnish certain iron fence-posts and wire, which they have failed and refused to do.

The motion for a new trial is based upon the grounds, among others, that the verdict is not supported by the evidence, that there were irregularities in the proceedings, preventing defendant from having a fair trial, and "because of accident and surprise upon the trial, against which defendant could not have guarded by any ordinary procedure."

II. The granting of a new trial rests in the discretion of the court. But it is a legal, not an arbitrary, discretion; that

is, it must be exercised in accord with the rules and principles of the law.   We will not disturb an order granting a new trial, unless it be affirmatively shown that this discretion was abused.

We will exercise the presumption that the order was rightly made unless the contrary be shown.

If, therefore, the record fails to show that the law did not authorize the action of the court upon any of the grounds of the motion, we must sustain it.

The defendant took no exceptions to the rulings of the court upon the admission of evidence, or upon the instructions.   These rulings could not have been the grounds of granting the new trial.   Code, § 2837, ¶ 8.

No bill of exceptions is before us, and it cannot, therefore, be determined that there was no irregularity in the preceedings, other than those pertaining to the admission of evidence and rulings on instructions.   And for the same reason we cannot say that there was not accident or surprise occurring to defendant at the trial.   Code, § 2837 ¶ ¶. 1 and 3. They are alleged in the motion for a new trial, which was sustained, without indicating upon which ground the action of the court was based.   We are, therefore, required to presume that it was made to appear to the court below that the motion on these grounds was well taken.

The judgment of the district court is

AFFIRMED.

SUPPLEMENTAL OPINION.

SEEVERS, J.—An opinion was filed at a prior term affirming the judgment of the district court. A rehearing was granted on the ground that the opinion was misunderstood by counsel, possibly, because we failed to indicate clearly the ground upon which the decision was based.

The motion for a new trial was based on several grounds, among which were, that the verdict was contrary to the evi-

dence, and because of accident and surprise which ordinary prudence could not have guarded against, and because injustice had been done. The record fails to show upon which of these grounds the court made the order granting a new trial. The defendant was a witness in his own behalf, and was the only witness introduced. The other evidence consisted of the notes sued on and certain letters. It is difficult for us to say that the verdict is against the evidence, and yet it is possible the court so concluded. If it did, it is not entirely clear that we should interfere, although we might conclude from the record before us that the court erred. *Conklin v. The City of Dubuque*, 54 Iowa, 571, and authorities cited. But, be this as it may, it is conceded on all hands that the court is vested with a large discretion in applications for a new trial, where the ground is accident or surprise, or that injustice has been done. The court may have granted the new trial on one or both of these grounds. Where a legal discretion is reposed in a court, precedents are not entitled to much consideration, because no two cases are exactly alike.

It is fundamental that error must affirmatively appear. The question is, therefore, whether error does affirmatively appear on the face of the record before the court, and whether the court abused the discretion with which it was invested. Upon a careful consideration of the record, we are not prepared to say that either accident or surprise, or that the verdict is unjust, affirmatively appears, nor can it be said that the contrary negatively appears. This being so, it follows that error does not affirmatively appear. It is said by DAY, J., in *Conklin v. The City of Dubuque*, before cited, that "there are very many things attendant upon the trial in the *nisi prius* court, which never can be fully presented to an appellate court. The *nisi prius* court has much better facilities for determining whether justice has been done, and hence its ruling is always presented here with a presumption in its favor. A discretion as to granting a new trial is lodged with the court trying a case, which we do not attempt to control,

except in a clear case of abuse." It must appear from the record that the discretion of the court has been abused.

Although no other witness than the plaintiff was introduced in his behalf, yet he may have been so embarrassed, or other circumstances may have occurred, which satisfied the court that injustice had been done. Should we reverse the ruling of the district court, judgment must be rendered on the verdict, it matters not how meritorious the defense may be. If we simply affirm, and there is no defense, then the plaintiff will be subjected to a brief delay only.

AFFIRMED.