CLAUDE C. KING, Appellant, v. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY CO., Appellee.

**Evidence:** IMPEACHMENT. It is permissible to show the occupation
1 and character of the business a witness is engaged in for the purpose of impeaching him, but particular instances of falsehood cannot be shown for that purpose.

**New trial.** The trial court is the better judge of whether the introduction of certain evidence is prejudicial; and when it finds that prejudice has resulted therefrom which cannot be removed by a withdrawal of the evidence, its discretion in granting a new trial will not be interfered with, notwithstanding such withdrawal.

*Appeal from Woodbury District Court.*— HON. DAVID
MOULD, Judge.

TUESDAY, JUNE 9, 1908.

PLAINTIFF had a verdict against defendant company
for damages received by him while a passenger upon one of
defendant's trains. On defendant's motion this verdict was
set aside and a new trial awarded. Plaintiff appeals.—
*Affirmed.*

*J. L. Kennedy* and *J. P. Shoup,* for appellant.

*Shull, Farnsworth & Sammis,* for appellee.

DEEMER, J.— One La Flesh was a witness for the de-
fendant, and, upon cross-examination, plaintiff's counsel,
over defendant's objection, was permitted to indentify an
advertisement sent out by the witness, and to introduce the
same in evidence. This advertisement showed that witness
was general agent for Mountain Valley Mineral Water for
Iowa, South Dakota, and Nebraska. The circular intro-
duced showed that this mineral water was a cure for Bright's
disease, rheumatism, cystitis, diabetes, dropsy, and all stom-
ach troubles resulting from a torpid liver. Plaintiff's coun-
sel in argument used these statements in his address to the
jury as impeaching the character and truthfulness of the
witness, in that they were untrue in fact, as every one knows.
This argument was objected to, and the objection was over-
ruled. It is true that after the paper was received, and
after the argument was made, plaintiff's counsel offered to
withdraw the exhibit, and the defendant's counsel was asked
if he consented to the withdrawal. In response he said he
was not asking to have anything withdrawn and that he
stood upon his objection. Thereupon the court overruled
defendant's objections, not only to the paper, but to the ar-

gument as well.   The new trial was granted because the
trial court became convinced that it was in error in admitting
this testimony.

It is entirely permissible to show the occupation of a
witness and the character of his business; but it is not proper
to impeach him by showing that, in the pursuit thereof, he
made false and untrue statements.   This is not the way in
which to show a witness' reputation for truth and veracity.
Testimony as to particular instances where he spoke an
untruth in the pursuit of his occupation are inadmissible.
Any other rule would open up all sorts of collateral in-
quiries; and from the standpoint of public policy, as well
as to maintain directness of issue, impeachment should not
be permitted by showing special instances of overstatement
or of untruthfulness.   We need cite no cases in support of
so plain a proposition.

It may be, had the court overruled defendant's motion
for a new trial, and there was no showing of improper use of
the advertisement, we might say that no prejudice resulted.
But the trial court sustained the motion, and was evidently
of the opinion that counsel made an improper use of the ex-
hibit.   The trial court knew better than any one else whether
the introduction of the exhibit was prejudicial, and, as it had
a large discretion in the matter of setting aside the verdict
upon this, as well as other, grounds, we should not interfere.
Appellant says that he offered to withdraw the exhibit, but
that defendant's counsel would not consent thereto.   Indeed,
his claim is a little broader than this — it is to the effect
that he would have withdrawn it had not counsel objected.
The truth as shown by the record is that defendant's coun-
sel did not consent to the withdrawal, but insisted upon his
objections, claiming that all the harm had been done that
could have been, and he desired to preserve his record.   This
is far from a consent to the withdrawal and as a matter of
fact plaintiff did not withdraw it.   Even had he done so,
the trial court may well have found that this did not remove

the prejudice already produced through the use thereof. If such had been the finding, the trial court was justified in setting aside the verdict. It often happens that a ruling made to correct a prior erroneous one does not have that effect, for the reason that the virus has already entered the jurors' minds and cannot be eliminated by a subsequent ruling. There was no abuse of discretion in sustaining the motion for a new trial. As supporting these conclusions, see *Madden v. Koester*, 52 Iowa, 692; *Comm v. Schaffner*, 146 Mass. 512 (16 W. E. 280); *Shepherd v. Brenton*, 15 Iowa, 84.

The order sustaining the motion for a new trial must be, and it is, *affirmed*.