HERMAN & BEN MARKS, Appellant, v. C. M. HASS, Appellee.

**New trial:** DISCRETION: APPEAL. The trial court has a large discretion
1 in the matter of granting a new trial, and its order will not be disturbed on appeal unless an abuse of such discretion is shown; and
the party appealing has the burden of showing an abuse of discretion and that the record was free from error as against the appellee.

**Same:** ADMISSION OF SECONDARY EVIDENCE. The admission in evidence
2 of copies of papers over appropriate objections, where no notice to
produce the originals was served and there was no examination of
the adverse party as to their existence, was sufficient error to support the discretion exercised in granting a new trial.

**Same:** EVIDENCE OF VALUE. Where a retailer purchased goods of a
3 wholesaler located in another city, the market value of the same at
the place of purchase, with cost of transportation to the purchaser's
place of business added, is presumptively the market value at the
latter point.

**Same:** PREJUDICIAL ERROR: RIGHTS OF PARTIES. A party appealing from
4 an order granting a new trial after verdict in his favor cannot
complain that the court committed errors against him on the trial,
as the same were cured by the verdict; but in case of prejudicial
error against each of the parties either may obtain a new trial in
case of an adverse verdict.

*Appeal from Hardin District Court.*—HON. C. G. LEE, Judge.

SATURDAY, JUNE 20, 1914.

ACTION at law upon an account for merchandise sold and
delivered. The defendant pleaded a general denial, and by

amendment pleaded that some of the goods were worthless, and were returned to the plaintiff on that account. There was a verdict for the plaintiff. Thereupon the defendant filed a motion for a new trial, which was sustained. From the order granting a new trial, the plaintiff has appealed.—*Affirmed.*

*Geo. W. Ward,* for appellant.

*E. H. Lundy* and *Dean W. Peisen,* for appellee.

EVANS, J.—The plaintiff is a corporation engaged in the manufacture of fur garments in Detroit, Mich. The defendant is a retail dealer in Eldora, Iowa. The plaintiff introduced evidence in support of its petition tending to show that it had sold and delivered to the defendant upon his order three bills of goods amounting to a total of $140.83. The verdict in its favor was for such amount. Much of the evidence of the plaintiff was introduced over appropriate objections by the defendant. Several of the grounds of the motion for new trial by defendant were based upon the alleged improper admission of testimony on behalf of plaintiff. It is hardly necessary to repeat what we have often said, that the district court has a large discretion in the matter of granting a new trial. Only an abuse of such discretion will warrant our interference with an order granting a new trial. The party apppealing from such order is under the burden of showing abuse of such discretion. For such purpose, it is manifestly incumbent upon him to show that the record was free from error as against the appellee. If there was prejudicial error as against the appellee, this of itself would ordinarily require the allowance of a new trial. The appellee in argument points out certain alleged errors prejudicial to him which appear in the record of the trial. It will be sufficient to notice one of these.

The plaintiff introduced in evidence certain purported

1. NEW TRIAL: discretion: appeal.

copies of alleged invoices which it claimed to have sent to the defendant, and to which no objection had been made by the defendant as contended by the plaintiff. These purported copies were introduced over appropriate objections by the defendant. No foundation whatever was laid for their introduction by the plaintiff. No notice to produce the originals was served upon the defendant, nor was there any examination of the defendant as to their existence. Upon the whole record, we do not think the error was very important. But it was error, and was sufficient to support the discretion exercised by the trial court in granting a new trial.

2. SAME: admission of secondary evidence.

Other alleged errors were pointed out by appellee and insisted upon. In view of the sufficiency of the ground already stated, we need not dwell upon these. We may say, however, that considerable of the argument of the parties as to whether the market value should have been shown as at Detroit or as at Eldora presents no decisive or important question. The plaintiff was selling its manufactured product to the defendant as a retailer. They dealt with each other as manufacturer or wholesaler on the one part, and as retailer on the other. Their respective places of business were fixed and understood by each. As between them, therefore, the market value at Detroit, the place of origin, plus the cost of transportation, was presumptively the market value at Eldora, the place of destination. It is alleged, however, by defendant appellee that the plaintiff's witness testified to market value, without fixing it any place. This is technically true upon the record, although possibly a fair inference might be drawn that the witness intended his testimony to refer to the place of manufacture. The question at this point is at least doubtful, and should be solved in support of the order of the trial court granting a new trial.

3. SAME: evidence of value.

II. The appellant in argument assigns a number of alleged errors committed upon the trial which it contends were preju-

dicial to it upon such trial. However, such errors, if any, are

4. SAME: preju- not available to the plaintiff as appellant on
dicial errors:
rights of par- this appeal. Errors committed against it on
ties.
the trial of the case were all cured by the verdict in its favor. Having won, the verdict, all errors, if any, proved nonprejudicial to it. The only grievance which it now has is the subsequent order of the court granting a new trial. It is from such order alone that it could appeal. The order granting a new trial cannot be assailed by the appellant upon the mere ground that the trial court committed errors against it upon the trial. For the purpose of sustaining its appeal from the order granting a new trial, the appellant must show, as before indicated, that the record of the trial was free from error as against the appellee. If prejudicial errors were committed against the appellee upon the trial, he was entitled to a new trial. He was none the less entitled to such new trial if errors were also committed as against the plaintiff appellant. The only effect of such errors would be to entitle the plaintiff appellant to a new trial if the verdict had gone against it. If prejudicial errors were committed as against each party, then either would be entitled to a new trial in case of an adverse verdict.

For the reasons indicated, it is manifest that the trial court was clearly within the range of its discretion in ordering a new trial, and such order is therefore—*Affirmed.*

LADD, C. J., and WEAVER and PRESTON, JJ., concur.