ELSIE SEAMANS, Appellant, v. E. L. GALLUP et al., Appellees.

**NEW TRIAL:** Wide Discretion of Court. On appeal from an order granting a new trial, appellant must affirmatively show that the record is free from error as against appellee; and, where there are many rulings, *no one of which constitutes reversible error*, nevertheless, from all such rulings, the trial court may very justifiably conclude that the movent for a new trial has not had a fair trial.

*Appeal from Buchanan District Court.*—G. W. DUNHAM, Judge.

DECEMBER 21, 1920.

APPEAL from ruling on motion for a new trial.—*Affirmed.*

*Cook & Cook* and *M. A. Smith,* for appellant.

*E. R. O'Brien* and *E. H. McCoy,* for appellees.

ARTHUR, J.—On or about October 14, 1917, Mary Ann Gallup, a widow, a resident of Buchanan County, died, testate. Her will was admitted to probate and recorded on November 12, 1917. On September 10, 1918, Elsie Seamans and Gladys McLaughlin, granddaughters of decedent, filed a petition, asking that the probate of the will be set aside, and that the will be held for naught, on the grounds that its execution was induced by undue influence of Edward L. Gallup and Mary Gallup Pearce, son and daughter of decedent, beneficiaries named in the will, and that testator was, at the time the will was signed, a person of unsound mind. Defendants denied the allegations of the petition as to undue influence and mental incapacity of testatrix. A trial was had to a jury, resulting in a verdict in favor of plaintiffs, contestants.

This appeal is from the ruling of the court upon the motion

for a new trial. We have examined the voluminous record, and reach the conclusion that the court did not abuse its discretion in setting aside the verdict and granting a new trial. We express no opinion as to the merits of the case. A motion for a new trial is addressed to the sound discretion of the court, and the ruling sustaining the same will not be disturbed, unless there has been an abuse of such discretion. *In re Holmes' Will,* (Iowa) 176 N. W. 247 (not officially reported), and cases therein cited. The party appealing has the burden of showing an abuse of discretion, and that the record was free from error, as against the appellee. *Marks v. Hass,* 166 Iowa 340.

An order granting a new trial will not be reversed on appeal, unless it affirmatively appears that, in granting the order, the trial court abused its discretion. This is especially true where the motion is sustained upon numerous grounds, the merits of which the trial court is in better position to pass upon than the appellate court. It may also be that no one ruling of the court involves such error as to justify setting the verdict aside; yet, when all of the exceptions are taken together, and considered in connection with the trial, the court may find that the moving party has not had a fair trial, and is entitled to another hearing. *Holland v. Kelly,* 149 Iowa 391.

This court said, in *Conklin v. City of Dubuque,* 54 Iowa 571:

"We always interfere very reluctantly with an order of the trial court refusing a new trial, and more reluctantly with an order granting a new trial. There are very many things attendant upon the trial in the *nisi prius* court which never can be fully presented to an appellate court. The *nisi prius* court has much better facilities for determining whether justice has been done, and hence its ruling is always presented here with a presumption in its favor. A discretion as to granting a new trial is lodged with the court trying a case, which we do not attempt to control, except in a clear case of abuse."

On review of the whole case, we reach the conclusion that there was no abuse of discretion in granting a new trial, and the case is—*Affirmed.*

WEAVER, C. J., LADD and STEVENS, JJ., concur.