JACOB VESTAL, Appellee, v. THISTLE COAL COMPANY, Appellant.

**NEW TRIAL:** Showing of Abuse of Discretion. An order for a new
1  trial, (1) for misconduct in argument, or (2) for error in instructions,
will not be disturbed, in the absence of the record of the evidence
and of the proceedings, showing that the court abused its discretion.

**NEW TRIAL:** Correct Instruction Effecting Injustice. A new trial
2  may be granted because a *correct* instruction, *in the opinion of the
trial court*, worked an injustice on the defeated party.

*Appeal from Appanoose District Court.*—SENECA CORNELL,
Judge.

JUNE 25, 1921.

ACTION at law for damages on account of personal injury.
The jury returned a verdict for defendant, which, on plaintiff's
motion, was set aside, and new trial ordered. Defendant appeals.
—*Affirmed.*

*Howell, Elgin & Howell,* for appellant.

*H. E. Valentine,* for appellee.

PER CURIAM.—Plaintiff was a coal miner in defendant's
mine. While so employed, he was injured by a fall of slate from
the roof. It was his contention that the place where the slate

1. NEW TRIAL: fell and where he was injured was in a room or
showing of place where he was not charged with any duty
abuse of dis-
cretion. to maintain or care for the roof. It was the
opposing contention of the defendant, that, at the time of plain-
tiff's injury, he was at work in his own room, where it was his
duty and contract obligation to care for the roof, take down the
loose slate or rock, and to inspect and maintain the roof in safe
condition. It is conceded that each party produced evidence
tending to sustain his version of the facts as to this issue, which
counsel agree was regarded as decisive of the question whether
plaintiff was entitled to recover. The issue was submitted to the

jury, with instructions.   After nearly 24 hours' deliberation, and, after a report to the court of their inability to agree, being about equally divided, the court thereupon gave the jury an additional instruction, as follows:

"As you are aware, this case has been submitted to you for decision and verdict, not for disagreement.   The case has been exhaustively and carefully tried by both sides, and this trial will be unavailing if the jury fails to reach a verdict.   The law requires a unanimous verdict; and, while this verdict must be the conclusion of each juror, and not the mere acquiescence of the jurors to reach an agreement, it is necessary for all the jurors to examine the issues submitted to you with candor and a proper regard and deference for the opinions of each other.   A proper regard for the judgment of other men will greatly aid us in forming our own.

"The case must be decided by some jury selected in the same manner this jury was selected, and there is no reason to think a jury better qualified would ever be selected, or that more or clearer evidence would be adduced.   Every juror should listen to the arguments of other jurors, with a disposition to be convinced by them.   Your duty is to decide the issues of facts which have been submittd to you, if you can conscientiously do so.   In conferring together, you should lay aside all mere pride of opinion, and should bear in mind that the jury room is no place for espousing and maintaining in a spirit of controversy either side of the cause.

"The aim ever to be kept in view is the truth, as it shall appear from the evidence, examined in the light of the instructions of the court.

"You will again retire to your jury room, carefully reread the instructions given you by the court, and examine your difference in a spirit of fairness and candor, and try to arrive at a verdict."

Within a short time after the giving of this instruction, the jury returned a verdict for the defendant.   Thereupon, plaintiff filed a motion to set aside the verdict and for a new trial, assigning 11 different grounds or reasons therefor.   Of these grounds, the court held to be sufficient the three numbered 7, 8, and 11, and ordered a new trial.

Briefly stated, the seventh ground relates to alleged prejudicial misconduct of defendant's counsel in argument to the jury; the eighth is an exception to the thirteenth paragraph of the court's charge to the jury; and the eleventh ground of the motion sustained is the alleged error of the court in giving the additional instruction above quoted.

In argument to this court, appellant proceeds on the theory that the court had no discretion in the matter of setting aside the verdict, and that such order was unauthorized. It is true that a trial court's order sustaining a motion for new trial may be reversed, if it clearly and satisfactorily appears that it should have been denied; but in such case a reversal is ordered, not because the court was acting in excess of its jurisdiction, but because it abused its discretion. Ordinarily, where abuse of discretion in such ruling does not clearly appear, this court will not interfere with the order; and this is more particularly true where the order complained of grants a new trial than where it denies the motion. In this case, the issues of fact appear to have been hotly contested,—the trial, it is said, occupying two days,— but the evidence does not appear in the abstracts. The trial court was in better position to know whether the ends of justice would be more effectually served by a new trial than by entering judgment on the verdict, and we are not disposed to sustain the exception to its ruling. Nor can we say that even if, as claimed by appellant, the court really based its order on the objection made to the additional instruction, such fact would call for a reversal.

Without at this time passing upon the somewhat vexed question whether such an instruction is ever advisable or allowable as a means for inducing a verdict from a reluctant jury, and

2. NEW TRIAL: correct instruction effecting injustice.

assuming, for the purposes of this case, that we would not hold the giving of it to be error, it does not necessarily follow that, if the trial court, having given it, is convinced that the effect of it was to work an injustice, or to deprive either party of the free and untrammeled judgment of the jurors, we would reverse the order for new trial.

The other ground of the motion for new trial had reference to an instruction given the jury respecting the respective duties of the miner and mine operator with respect to the care of the roof. The plaintiff claimed the instruction to be erroneous; and

the court, in ruling upon the motion for new trial, seems to have taken that view. Whether there was any prejudicial error in this charge depends in a large degree on the evidence given to the jury; and, as the evidence is not preserved, it would be idle to undertake to discuss the instruction.

We find nothing in the record here presented to take this case out from under the rule by which, in the absence of a showing of abuse of discretion, the granting of a new trial on the merits will be sustained; and the judgment below is, therefore,— *Affirmed.*