In re Condemnation by the Iowa-Illinois Gas & Electric Company for right of way for transmission lines in Story County.

Petra C. Steensland et al., appellees, v. Iowa-Illinois Gas & Electric Company, a corporation, appellant.

No. 47822.

(Reported in 47 N.W.2d 162)

Aᴘʀɪʟ 4, 1951.

Ed. J. Kelley, of Ames, and Charles H. Whitmore, of Davenport, for appellant.

T. J. Mahoney and Robert E. Mahoney, both of Boone, and H. E. Hadley, of Nevada, for appellees.

Gᴀʀꜰɪᴇʟᴅ, J.—Pursuant to section 489.14, Code, 1946, defendant condemned a right of way 100 feet wide for an electric transmission line of 161,000 volts across plaintiff's farm. The commission appointed by the sheriff to assess plaintiff's damages (see Code section 472.4) fixed them at $8000. From this assessment defendant appealed to the district court (see section 472.18). Following trial and jury verdict fixing the damages at $3600, plaintiff-owner filed motion for new trial which was granted. From such ruling defendant has appealed to this court.

The new trial was granted upon these grounds of plaintiff's motion: (3) Error in admitting certain testimony of defendant's witness Judd. See rule 244(h), Rules of Civil Procedure. (4) The verdict is grossly inadequate. (7) The verdict is not sustained by sufficient evidence and is contrary to law. See rule 244(f), R. C. P. (8) Upon the whole record plaintiff has not had a fair trial. See rule 244(a).

We have repeatedly pointed out the wide discretion the trial court has in granting a new trial. It is well-settled that the discretion of the trial court to order a new trial is greater than that of this court. We interfere reluctantly and infrequently with such an order. Only a clear showing by appellant of abuse

of discretion will justify such interference. See Burke v. Reiter, 241 Iowa 807, 817, 42 N.W.2d 907, 913; Whiting v. Cochran, 241 Iowa 590, 41 N.W.2d 666; In re Estate of Murray, 238 Iowa 112, 114, 26 N.W.2d 58, 60; In re Estate of Hollis, 235 Iowa 753, 759–761, 16 N.W.2d 599, 602; Vestal v. Thistle Coal Co., 191 Iowa 1112, 183 N.W. 443; Herman & Ben Marks v. Hass, 166 Iowa 340, 147 N.W. 740, Ann. Cas. 1917D 543; 39 Am. Jur., New Trial, sections 201, 202.

■ A new trial should be granted when the trial court feels the verdict fails to administer substantial justice or it appears the jury has failed to respond truly to the real merits of the controversy. Dewey v. Chicago & N. W. R. Co., 31 Iowa 373, 378; Whiting v. Cochran, In re Estate of Murray, In re Estate of Hollis, all supra.

■ We find no clear showing here that the order for new trial constitutes an abuse of discretion.

Plaintiff's farm consists of about 272 acres. A rectangular tract of 240 acres is two "forties" wide, east and west, and three "forties" long, north and south. Adjoining the middle "eighty" on the west is the greater part of another 40-acre tract which abuts the north-south paved highway between Des Moines and Ames. The farm is thus shaped like a crude "T" with the west forty the base and the 240-acre tract the top. The buildings, in the southeast forty near the center of its west line, are reached from an east-west highway along the south side of the 240 acres.

The center of defendant's right of way enters the farm from the northwest 320 feet east of the northwest corner of the west fractional forty, goes diagonally southwest about 4200 feet and leaves the farm 326 feet north of its southeast corner. About 9.8 acres lie in the right of way. There are five pole structures each with two wooden poles along the right of way. An eleventh pole is on the right of way near the southeast corner of plaintiff's farm. The other pole of this structure is just outside plaintiff's line fence. The poles vary in height from 55 to 75 feet. The distance between the pole structures varies from 630 to 817 feet. There are five wires. Two of these, one at the top of each pole, are lightning arresters. The other three, about 15 feet apart, are attached below the crossarms and conduct the high voltage of electricity.

The farm is all subject to cultivation except a small creek near the northeast corner which affords an outlet for the tile drainage and separates about six acres in that corner from the rest of the farm. The witnesses agree the farm was a good one at the time of the condemnation. The buildings are adequate and have been kept in repair. They are about seven miles south of Ames, two miles north of the town of Huxley. A small station known as Midvale on an interurban railway is almost within a stone's throw from the northwest corner of the west forty.

Each side used five expert witnesses as to the fair and reasonable market value of the farm immediately before and after the condemnation. Some of the estimates vary widely. The difference in value before and after the condemnation according to plaintiff's witnesses is from $24,000 difference down to about $9500. According to their testimony the entire farm is damaged by the condemnation from nearly $90 down to $35 per acre. Two of plaintiff's witnesses compute the damage per acre at $50 and the remaining witness at $40.

Estimates of defendant's witnesses are much lower than those of plaintiff's witnesses. They place the difference in value before and after the condemnation from about $4100 difference down to about $2200. According to their testimony the damage per acre to the entire farm is from $15 down to $8 to $12 according to one witness, $10 (per acre) according to another. The fifth witness for defendant merely gives the value of the farm after the condemnation as $4000 less than before.

Aside from these differences of opinion among the value witnesses the main conflict in the testimony seems to be over the extent of inconvenience in planting corn and other farming operations due to the location of the poles along the right of way. In view of our conclusion as to ground 3 of plaintiff's motion for new trial relating to the admission of immaterial testimony, we deem it unnecessary to refer in greater detail to the evidence generally.

It is apparent the trial judge with his long experience carefully considered the questions presented by the motion. While the verdict of $3600 is within the range of the testimony of defendant's witnesses, two of them estimated plaintiff's damage at $4000 and about $4100, respectively. The trial judge was

unable to understand by what reasoning the jury arrived at a verdict of only $3600, was convinced the jury could have given little if any consideration to the testimony of plaintiff's witnesses and that the verdict, if sustained, would be an injustice to plaintiff. He felt he was fully warranted in granting another trial.

We consider now ground 3 of the motion for new trial based on claimed error in receiving the following testimony. The witness Judd, an assistant manager of defendant, testified there were thirty-eight properties in Story County crossed by defendant's transmission line. He was then asked by defendant's counsel "to state, and give Mr. Mahoney [plaintiff's counsel] time to object—how many condemnations were there in Story County?" Plaintiff's objection as "wholly immaterial to this action" was overruled, the court joined in the question by asking "How many?" and the witness answered "One." "Q. That was this case? A. That is right."

The order for new trial states it was error to overrule plaintiff's objection, that at the time it did not appear it was a matter of significance and was not given as much consideration as it should have received "and in view of the verdict I do not feel warranted in saying it was error without prejudice." As stated, the order for new trial is based in part upon ground 3 of the motion.

Little effort is made by defendant to defend the admission of the Judd testimony. Its principal argument is it was error without prejudice because the verdict was all plaintiff was entitled to under some testimony for defendant. Defendant does say in reply argument it was proper for it to show it "does not casually engage in litigation" in order to rebut evidence of one of plaintiff's value witnesses that an element of plaintiff's damage was the prospect of future litigation with defendant over damage to the farm or crops thereon caused by utilizing its right of access to its transmission line. Code section 489.16 confers upon defendant such right of access "for the purpose of constructing, reconstructing, enlarging, repairing, or locating" devices upon the line but requires payment of damages to the lands and crops caused thereby.

Defendant was permitted to rebut the above testimony of

plaintiff's value witness by showing, over plaintiff's objection, it had never had any lawsuits over claims for damage from utilizing its right of access to transmission lines.

We are not inclined to disagree with the trial court's conclusion it was error to receive the Judd testimony. It tended to inject into the case countless collateral issues. Its admission seemed to create substantial danger of confusing the issues or misleading the jury. The trial court would therefore have been justified in excluding it. See as having some bearing Delacy v. City of Mason City, 240 Iowa 951, 954, 955, 38 N.W.2d 587, 589.

"The rights of an owner to recover just compensation for the taking of his land are not to be measured by the generosity, necessity, estimated advantage, or fear or dislike of litigation. which may have induced others to part with the title to their real estate, or to relinquish claims for damages by reason of injuries thereto * * *." 2 Nichols on Eminent Domain, Second Ed., section 456, pages 1200, 1201.

Even if Mr. Judd's evidence were of doubtful admissibility such doubt would be resolved in favor. of the order for new trial. See Herman & Ben Marks v. Hass, supra, 166 Iowa 340, 342, 147 N.W. 740, Ann. Cas. 1917D 543; Vestal v. Thistle Coal Co., supra, 191 Iowa 1112, 1114, 183 N.W. 443; 66 C. J. S., New Trial, section 40b, page 134; 39 Am. Jur., New Trial, section 113.

As defendant concedes, where error appears in the admission of testimony prejudice will be presumed unless the contrary affirmatively appears. Olson v. Olson, 242 Iowa 192, 205, 206, 46 N.W.2d 1, 8, 9; Welton v. Iowa State Highway Comm., 211 Iowa 625, 632, 233 N.W. 876; State v. Cordaro, 211 Iowa 224, 234, 233 N.W. 51; Iowa Elec. Co. v. Scott, 206 Iowa 1217, 1224, 220 N.W. 333; 5 C. J. S., Appeal and Error, section 1677a, page 816; 3 Am. Jur., Appeal and Error, section 940. See also In re Estate of Conner, 240 Iowa 479, 492, 36 N.W.2d 833, 841; Pickerell v. Griffith, 238 Iowa 1151, 1168, 29 N.W.2d 588, 597.

The record here does not rebut the presumption of prejudice. The trial court was in better position than we are to say whether the Judd testimony was prejudicial and he felt it was. See King v. Chicago, M. & St. P. R. Co., 138 Iowa 625, 627, 116 N.W. 719.

It is apparent the jury might well have attached considerable weight to this evidence and concluded therefrom that defendant was liberal in settling with property owners and that plaintiff, the only "holdout" among thirty-eight, was unreasonable in her demands. This naturally could have prejudiced the jury against plaintiff. Obviously the testimony was deliberately introduced and it is not unfair to say defendant's counsel led the court into error.

■ This prejudicial error was sufficient in itself to warrant the order for new trial. Upon appeal from such an order it is incumbent upon appellant to show that the record is free from prejudicial error against appellee. Herman & Ben Marks v. Hass, supra, 166 Iowa 340, 342, 147 N.W. 740, Ann. Cas. 1917D 543, which holds an error we did not think was "very important" in admission of testimony was sufficient ground for the trial court to grant a new trial. Seamans v. Gallup, 190 Iowa 470, 180 N.W. 276.

■ A new trial will usually be ordered where inadmissible evidence is received over objection and the error is prejudicial. See Herman & Ben Marks v. Hass, supra, and note Ann. Cas. 1917D 545; 66 C. J. S., New Trial, section 40b; 39 Am. Jur., New Trial, section 113.

■ Defendant's argument that admission of Mr. Judd's testimony was without prejudice because there is competent evidence to support the verdict cannot be accepted. No authority is cited, and we think none is to be found, for the proposition that error upon the trial is rendered nonprejudicial by the fact the verdict finds support in the evidence.

■ The rule is that error in admitting evidence is without prejudice where, notwithstanding the illegal evidence, the competent evidence is such that the prevailing party is entitled to the verdict as a matter of law as being the only proper verdict that could be rendered. See 5 C. J. S., Appeal and Error, section 1736d, pages 1024, 1025; Butler Mfg. Co. v. Elliott & Cox, 211 Iowa 1068, 1070, 1071, 233 N.W. 669, and citations. It cannot be said defendant was entitled as a matter of law to have plaintiff's damage fixed at not more than $3600.

■ We have held the fact there is "other strong and persuasive evidence ample to support" the trial court's finding in a

law case tried to the court does not render nonprejudicial the improper reception of evidence where the evidence as a whole is conflicting. In re Estate of Conner, supra, 240 Iowa 479, 492, 36 N.W.2d 833, 841, and citations. Also that the trial court is not precluded from granting a new trial by the fact there is sufficient conflict in the evidence to present a jury question. Burke v. Reiter, supra, 241 Iowa 807, 813, 42 N.W.2d 907, 911, and citations.

"Where there is such a conflict in the evidence that a determination either way would not be disturbed on appeal, it cannot be said that the losing party is not prejudiced by material evidence erroneously admitted * * *." 3 Am. Jur., Appeal and Error, section 1029, page 584.

When the admission of the Judd testimony is considered in connection with other grounds of the motion for new trial which were sustained we find no clear abuse of discretion in granting the new trial. The order is therefore—Affirmed.

WENNERSTRUM, C. J., and BLISS, OLIVER, SMITH, MULRONEY, and THOMPSON, JJ., concur.

HAYS, J., takes no part.

MANTZ, J., not sitting.