GAAR, SCOTT & COMPANY v. E. W. NICHOLS, Sheriff Union County, Iowa.

Conditional Sales: RECORDING ACTS.   Plaintiff entered into a written contract to sell a traction engine to P., in which it was stipulated that the latter, on the delivery of the engine, should execute notes for the purchase price, secured by a mortgage on the engine, and that title should not pass till such settlement was concluded and accepted by plaintiff.   An agent of plaintiff, who had no power to waive the terms of the agreement, allowed P. to take possession of the engine before settlement, for the purpose of testing it.   *Held*, not a conditional sale, within the meaning of Code, section 2905, providing that no sale wherein the transfer of title to personal property should depend on any condition shall be valid against any creditor or purchaser of the vendee in actual possession without notice, unless evidenced, in writing and duly recorded.

RIGHTS OF EXECUTION CREDITOR:   *Possession by bailee*:   Mere possession of property by a bailee is not sufficient evidence of title thereto to protect a judgment creditor of the bailee levying on the property, as against the owner thereof.

Review on Appeal: OBJECTIONS BELOW.   The failure of the trial court to rule on an objection to evidence when offered, in the trial of an action at law, without a jury, though the objecting party excepts to the failure to so rule, is not reversible error, but the objecting party must renew his objection after the materiality of the evidence has been determined by the subsequent development of the case.

PRESUMPTIONS AS TO FINDING OF FACTS. The decision of the trial court, in a law action, tried without a jury, will be presumed to be based on a finding of fact made by the trial court, though none is requested, when the evidence is sufficient to support the decision on such theory.

*Appeal from Union District Court.*—HON. W. H. TEDFORD, Judge.

FRIDAY, DECEMBER 20, 1901.

ACTION by plaintiff to recover damages for conversion by defendant in wrongfully levying upon and selling certain property of the plaintiff under an execution against one Petted. Trial to the court without a jury. Judgment for plaintiff against the sheriff and his bondsmen, who are joined with the sheriff in the action. Defendants appeal.—*Affirmed.*

*Preston & Moffit* and *Frank Wisdom* for appellants.

*Carr & Parker* and *P. C. Winter* for appellee.

McCLAIN, J.—There was a written contract for the sale of the property in controversy, which was a steam traction engine, by plaintiff to Petted, in which it was stipulated that at the time of delivery Petted should execute notes for the purchase price, secured by mortgage on the property, and it was expressly provided that the title to the engine should not pass until settlement therefor was concluded and accepted by plaintiff. The engine was shipped to the agents of plaintiff, to be delivered to Petted in pursuance of the contract, but it appears that Petted was by said agents given possession of the engine for trial before completing the settlement required by the terms of the contract, and while he thus had actual possession the defendant, as sheriff, levied thereon under a judgment against him in favor of the Milwaukee Harvester Co., and the question before us is whether, by the action of plaintiff's agents, title to the engine has been so far transferred to Petted that the levy on

the property as his was valid.    There were other issues in the case, and evidence was introduced relating to such issues, but we have sufficiently set out the facts which are material to the determination of the appeal on the view which we-take of the case.

Appellants contend that under the provisions of Code, section 2905, no sale wherein the transfer of title to personal property is made to depend upon any condition shall be valid against any creditor or purchaser of the vendee in actual possession, obtained in pursuance thereof, without notice, unless evidenced in writing and duly recorded, the levy upon the engine in the hands of Petted, which it is contended was without notice of plaintiff's rights, was valid, inasmuch as there was no recorded instrument of conditional sale.    But the instrument was not one of conditional sale.    It stipulated that delivery under the contract of sale should not be made until the terms of the contract were complied with by Petted. There is no pretense that plaintiff's agents had authority to waive these stipulations, and there is at least some evidence that the delivery to Petted was not intended or understood to be by way of waiver, but only for the purpose of enabling him to test the engine before acceptance of it.    That such a contract does not constitute a conditional sale, within the meaning of the section of the Code above referred to, is well settled.    Such a conditional sale involves the delivery to the vendee as owner, with reservation to the vendor of title only for the purpose of security.    See *Budlong v. Cottrell,* 64 Iowa, 234.    Under the evidence in this case the court therefore properly found that no title whatever passed to Petted, and that he had a temporary possession only as bailee.    Mere possession cannot be relied on as in itself sufficient evidence of title to protect one who claims under the person in possession as against the real owner. *Moseley v. Shattuck,* 43 Iowa, 540.    This was the holding prior to the enactment of the statutory provision now em-

bodied in Code, section 2905, even as to conditional sales, where the possession was transferred to the vendee with reservation of title to the vendor by way of security, and it continues to be the rule, except in transactions to which the provisions of the Code section are applicable. The trial court filed a written opinion, in which it is found, as a fact, that the transaction did not amount to a conditional sale, and that Petted had no interest or title in the property which could be levied on. Although this finding does not seem to have been in response to any request for findings of fact, yet, if the decision of the lower court can be supported on this theory under the evidence, we will presume that it was based on this ground. *Vogel v. Wadsworth*, 48 Iowa, 28. But appellant contends that the evidence tending to support this finding of the court was erroneously admitted, over appellant's objection. It appears from the record that certain objections to evidence were made, and rulings thereon reserved by the court, appellant having excepted at the time to the failure of the court to rule on such objections. It is true that, even where the trial in a law case is to the court without a jury, errors in ruling on the admission of evidence may be reviewed, where it does not appear but that evidence which should have been excluded was considered by the court in its final determination of the case. *Jaffray v. Thompson*, 65 Iowa, 323. And therefore, in such a case, the parties have a right to rulings on their objections to the introduction of evidence. But certainly in such a case it is not improper for the court, where evidence is offered which may become material, although its materiality is not yet shown, to withhold rulings on objections to such evidence to a later stage of the trial; and, while the party objecting has the right to a ruling, we see no impropriety in the court postponing its ruling for the time being. If, therefore, appellant desired to secure a ruling on the admissibility of the evidence offered, he should have asked, at a later stage of the case, that his objection be passed

upon; and had the court then, after the materiality of the evidence had been settled one way or the other by the subsequent development of the case, refused to make rulings on the objections, there would, no doubt, have been error for which reversal might, in a proper case, have been granted. But we do not find that there was prejudicial error in refusing to rule on the admissibility of the evidence in question at the time it was offered. We reach the conclusion, therefore that the property in controversy was not subject to levy under the execution against Petted, but was the property of plaintiff, and therefore that the levy thereon by the sheriff was unlawful.—AFFIRMED.