OLEN LOVING, Appellee, v. ATLANTIC SOUTHERN RAILROAD
COMPANY, Appellant.

**NEW TRIAL:** Specification of Error. No question is raised by a
motion for a new trial which asserts error in the overruling of
a motion for a directed verdict, when such latter motion was
made before the close of all the evidence, and was not renewed.

**APPEAL AND ERROR:** Preserving Point Once Waived. One who
desires final appellate review on a point raised by him in an
overruled motion for a directed motion made before the close
of all the evidence, and not renewed, must do two things, to
wit:

1. Specifically re-present the point in some proper proceed-
ings before the trial court; and, if again unsuccessful,

2. Carry said point into his argument on appeal under both
an assignment of error *and* a brief point.

**APPEAL AND ERROR:** Indefinite Assignment. An assignment is
insufficient which simply asserts that the court erred in over-
ruling a motion for a new trial on the grounds stated therein,
said grounds being that the verdict is contrary to law and the
evidence.

**APPEAL AND ERROR:** Presumption from Abstract. An undenied
abstract will give rise to the presumption that instructions were
duly excepted to prior to the reading to the jury, when such is
the fair inference therefrom.

**TRIAL:** Conceded Facts. Requiring the jury to pass upon the ex-
istence or non-existence of a material but *conclusively* estab-
lished fact, is reversible error. So held where plaintiff unques-
tionably knew of the defective condition of working appliances.

*Appeal from Cass District Court.*—E. B. WOODRUFF, Judge.

SEPTEMBER 30, 1918.

THE appellee had verdict and judgment on account of
an injury alleged to have been sustained through the neg-
ligence of defendant while the appellee was in its employ.
It appeals.—*Reversed and remanded.*

*W. A. Follett,* for appellant.

*H. M. Boorman,* for appellee.

SALINGER, J.—I.    Plaintiff was injured by being caught between the ends of two cars, while engaged in making a coupling of a baggage car and passenger coach in the yards of appellant, and while acting as brakeman for appellant.

It is questionable whether complaints of appellant of overruling objections to testimony have a basis in the record.    At any rate, these rulings are not likely to recur on retrial and will be given no further consideration on this appeal.

II.    A motion by defendant to direct verdict in its favor asserts:

1. NEW TRIAL: specification of error.

(a)    It is conclusively shown that, if plaintiff had heeded such warning as he had, he would not have been injured.

(b)    That that which injured him was a risk incident to plaintiff's employment which he assumed.

(c)    The evidence is insufficient to sustain a verdict against the defendant.

After this motion was overruled, testimony was put in for defendant, and the motion was not renewed.    We have often held that, in such case, we can consider no point made in the motion to direct verdict, unless such point is otherwise sufficiently presented.    The fact that the motion for new trial complains of the refusal to sustain the motion to direct is not such presentation.    Since any error in ruling on the motion to direct is waived, the waiver is not obviated by an assertion in motion for new trial that the ruling on the motion to direct was erroneous.

Now, though an erroneous holding, on motion to direct, that the evidence is sufficient be waived, this does not take away the right to urge, in a motion for new trial, that

the verdict is not sustained by sufficient

2. APPEAL AND
ERROR: pre-
serving point
once waived.

evidence. But such a point in a motion for new trial must be presented here as the rules require, or else will not be considered. This involves presentation of such point by a proper proposition or brief point, following proper assignment of errors relied on for reversal. In other words, a complaint entitled to review must first be lodged in the errors relied upon for reversal, and be followed by a proposition or brief point upon that error point. Neither presentation by error points alone or brief points alone entitles to review. In the errors relied upon for reversal, no complaint whatever is made that the testimony is insufficient, except a statement that it was error to overrule the motion to direct verdict for appellant. Since that error, if any, was waived, a repetition in the error points that it was error cannot obviate the waiver. The sufficiency of the evidence to sustain verdict, then, cannot be considered on this appeal, in so far as holding it to be sufficient by overruling motion to direct verdict and motion for new trial is concerned.

### 2-b.

The motion for new trial has seventeen points. One of them asserts that the verdict is contrary to law, and contrary to the evidence. It is assigned that it was error to overrule this motion on each of the grounds

3. APPEAL AND
ERROR: indef-
inite assign-
ment.

stated therein. These are too general for consideration. Moreover, they are found in the errors relied upon for reversal alone, and no proposition or brief point declares upon this error point.

III. The question of whether there was error in the instructions given is properly before us. But appellee says the instructions may not be reviewed because no objection

to the instructions was made "at the time
of the trial, according to provisions of Section 3705-a, Supplement Code, 1913."

4. APPEAL AND
ERROR: pre-
sumption
from abstract.

On analysis, the contention would seem
to be that exceptions to the instructions were not taken before the instructions were read to the jury. Immediately following the testimony, and under a caption that what follows are exceptions to the instructions, the abstract sets out certain exceptions and objections. This is followed by a recital that the court thereupon gave the instructions set out in the abstract. We think that, in the absence of a denial by abstract, a presumption fairly arises that the exceptions in question were taken before the instructions were read to the jury. We therefore have for consideration such exceptions as appellant did take. But our review must be limited by those exceptions.

IV. Instruction 3 tells the jury it is conceded that plaintiff was in the employ of defendant when injured, and that the cars he sought to couple were equipped with automatic couplers; that, to recover, plaintiff must show, by a preponderance, that defendant was negligent in one or more of the ways complained of, that such negligence was the proximate cause of the injury, that plaintiff was not guilty of contributory negligence, and has been damaged in some amount; and that, if he has shown all these matters, he is entitled to a recovery, unless it further appears from the evidence that he assumed the risk of making or attempting to make the coupling at the time of the injury.

The exception is that this instruction has no support in the evidence, in this: The evidence shows conclusively that, just before the locomotive and car were moved, and while the same were being moved, to make the coupling complained of, the bell was ringing, giving warning of the motion of the train, thereby making plaintiff guilty of negligence that caused his own injury.

We have to say that at no point is the evidence on this head so conclusive as that an instruction submitting whether there was contributory negligence lacks all support in the evidence.

V.  The fourteenth instruction charges that, when the plaintiff entered the employment of defendant, he assumed all risks which were apparent and obvious to him upon a simple use of his senses; that he was expected to make use of his senses, and to see

5. TRIAL: conceded facts.

and observe those dangers which were apparent to him; that he had the right, however, to expect and assume that defendant had furnished such appliances as were reasonably safe for his use, and did not assume risks which were not thus reasonably observable in the condition of such machinery; and if the jury finds that plaintiff knew the car couplers or either of them were out of order, or would not work by the use of the engine alone, and, knowing the danger and appreciating same, went between the cars, without objection, to fix the coupling, then he assumed the risk incident to such act, unless it be further found that he was ordered to go in where he did, to make or assist in making said coupling, under promise by the conductor that the latter would hold the engine and baggage car still, and such promise was not fulfilled.

The exception is that the instruction submits whether or not plaintiff knew the car couplers, or either of them, were out of order, when plaintiff's own testimony shows conclusively that they were out of order, and had been for some time prior to the accident.

It is undeniable that plaintiff had known, for some time before he was injured, that some of the appliances he had to work with in making this coupling were seriously defective, and could not but appreciate that it might be dangerous to use them.

This instruction tells the jury what to do *if* it finds

plaintiff had this knowledge. The verdict is made to depend upon the finding on this point. If plaintiff had the knowledge, he cannot recover unless he acted under a promise by the conductor which was not kept. Under this instruction, the jury could find that plaintiff did not have this knowledge, and thereupon find for him; or it could find he had the knowledge, and acted under a promise by the conductor which was not kept, and upon that find for plaintiff; or find that plaintiff had this knowledge, and acted without a promise; or that he had this knowledge, and was injured, though the promise was kept. In one word, the instruction makes it a vital question whether or not plaintiff had this knowledge. It submitted to the jury as vital whether or not something existed which the record shows conclusively did exist.

Instruction 15 and the exception thereto are, in effect, in the same condition that surrounds the giving of Instruction 14. The jury should have been told that plaintiff had this knowledge, and that all it had to decide was whether there was a promise of the conductor and a breach of the promise that would avoid the effect of having such knowledge; and that it could find for plaintiff only if such a promise was made, relied upon, and not kept.

VI. In view of the determination, we have no occasion to consider the contention that plaintiff may not recover because he acted in violation of rules.

For the error in giving Instructions 14 and 15, the cause must be—*Reversed and remanded.*

PRESTON, C. J., LADD and EVANS, JJ., concur.