MARY P. WHITING, plaintiff-appellant, v. LAWRENCE W. COCH-
RAN, who is the same person as L. W. COCHRAN, defendant-
appellant; W. E. DICKEY, cross-appellant.

## No. 47555.

(Reported in 41 N.W.2d 666)

MARCH 7, 1950.

Sewell E. Allen, of Onawa, for plaintiff-appellant.

Kindig & Beebe, of Sioux City, for L. W. Cochran, defendant-appellant.

Prichard & Prichard, of Onawa, for cross-appellant.

HAYS, J.—This is a law action to establish a landlord's lien. The real dispute is between appellant-defendant Lawrence W. Cochran and cross-appellant-defendant W. E. Dickey as to appellant's exempt property. There was a verdict in appellant's favor which, upon motion by cross-appellant, was set aside and a new trial granted. Appellant, joined in by plaintiff, Mary P. Whiting, appeals from this order. Cross-appellant appeals from the refusal of the trial court to enter a judgment notwithstanding the verdict.

Appellant Whiting, landlord, claims rent under a written farm lease with appellant Cochran. It was not signed by Mrs. Cochran. Cross-appellant Dickey claims a lien upon the exempt property of Cochran under chattel mortgages executed by Cochran to him in 1945 and 1946, at which time Cochran was a resident of South Dakota.

In March 1947, Cochran moved to the Whiting farm in Iowa, bringing with him the chattels in question. The record shows this was without the knowledge and consent of Dickey. In October 1947, Dickey, a resident of South Dakota, came to Iowa and obtained from Cochran the chattel mortgage, not signed by Mrs. Cochran, about which this controversy centers. This mortgage covers the chattels included in the Dakota mortgages and is given to secure the payment of the exact amount that was then due under the prior indebtedness.

The trial court, in determining the legal issues involved, held that the sole question of fact was as to the intent of the parties at the time the Iowa mortgage was executed. A special verdict in favor of appellant Cochran was returned by the jury.

I. We will first consider the appeal of cross-appellant Dickey. This is based upon the admission of certain testimony claimed to be in violation of the parol-evidence rule. Cochran, as a witness, testified, over proper objections, that at the time the chattel mortgage was executed Dickey agreed to cancel, release and return the Dakota mortgages to Cochran. The Iowa chattel mortgage, a complete instrument in itself, nowhere refers to any other instruments or prior indebtedness. While it is strenuously argued that such testimony tends to vary the terms of a written instrument and is in violation of the parol-evidence rule, we find no merit in the same.

The rule is well-established that parties may prove "the existence of any separate, oral agreement as to any matter on which a document is silent, and which is not inconsistent with its terms, if from the circumstances of the case, the court infers that the parties did not intend the document to be a complete and final settlement * * * between them." Jones on Evidence, Third Ed., section 439. See also Witthauer v. Wheeler, 172 Iowa 225, 150 N.W. 46, 154 N.W. 423; Brierly v. Dunnick, 240 Iowa 1359, 39 N.W.2d 645.

The record shows that neither party considered the chattel mortgage to be a final settlement between them, as cross-appellant Dickey claims that it was merely additional security, a fact not mentioned in the instrument. The collateral agreement, if made, represented a separate and distinct agreement in itself, not in any way inconsistent with the mortgage. The consideration was the making of the Iowa chattel mortgage. The testimony was admissible and we find no merit in the cross-appeal.

II. As to appellant's appeal, did the trial court err in granting a new trial? While the trial court has a wide discretion in the granting of a new trial, such is a judicial discretion and may be granted only on grounds stated in the statute. Rule 244, R.C.P., and Sparks v. Long, 234 Iowa 21, 11 N.W.2d 716. A new trial should be granted when the trial court is of the opinion that the verdict fails to administer substantial justice or whenever it appears that the jury has failed to respond truly to the real merits of the controversy. Dewey v. Chicago & N.W. R. Co., 31 Iowa 373; In re Estate of Murray, 238 Iowa 112, 26 N.W.

2d 58. In ordering the new trial, the court based the same upon several grounds. One was that the verdict was clearly against the weight of the evidence and was contrary thereto. This is in accord with the provisions of rule 244, R.C.P.

On appeal from an order granting a new trial this court is reluctant to interfere if an examination of the record discloses any substantial basis or reason therefor. Modern Heat & Power Co. v. Bishop Steamotor Corp., 239 Iowa 1267, 34 N.W.2d 581; Dunham v. Des Moines Ry. Co., 240 Iowa 421, 35 N.W.2d 578. The record discloses a sharp conflict in the evidence and we are satisfied that the order granting the new trial does not show an abuse of discretion upon the part of the trial court. We are not inclined to interfere with the same.

Finding no error, the order of the trial court is affirmed upon both appeals.—Affirmed.

All Justices concur.