LINNIE M. SCHNEIDER, administratrix of estate of Stanley Hagmeier, deceased, appellee, v. KEOKUK GAS SERVICE COMPANY, a corporation, appellant.

No. 49479.

(Reported in 92 N.W.2d 439)

38

OCTOBER 14, 1958.

McManus & McManus, of Keokuk, for appellant.

Boyd, Walker, Huiskamp & Concannon, of Keokuk, for appellee.

HAYS, J.—Damage action for death of plaintiff's decedent following an explosion. The petition, in separate counts, alleges specific negligence and general negligence under the res ipsa loquitur rule. At the close of plaintiff's evidence the court withdrew Count I from the jury. Count II, res ipsa loquitur, was

submitted to the jury, which returned a verdict for the defendant. Plaintiff's motion for a new trial was sustained and defendant appeals.

Two errors are assigned. Error in overruling defendant's motion for a directed verdict made at the close of plaintiff's evidence and again at the close of all of the evidence. Error in that the granting of a new trial was an abuse of the trial court's discretion.

I. Appellant asserts it was, under the record, entitled to a directed verdict and hence the granting of a new trial and setting aside a verdict in its favor was error. We have held that where a verdict should have been directed, and a jury renders such a verdict, the error is cured and the verdict should be permitted to stand. Bennett v. Ryan, 206 Iowa 1263, 1270, 222 N.W. 16; Jordan v. Schantz, 220 Iowa 1251, 264 N.W. 259; Greiner v. Hicks, 231 Iowa 141, 300 N.W. 727. Thus an examination of the record is essential.

II. Decedent was an employee of the Copeland Baking Company, as a delivery truck driver. The bakery was located at Tenth and Main Streets in Keokuk, Iowa. It had a truck garage catercorner through the block on Eleventh and Johnson Streets. This garage was of brick construction with stone foundation and a crushed rock floor. There was an overhead door on Eleventh Street and another on the alley side; also some windows and a walk-in door. Within this building was a sewer pipe connected to the main city sewer on Johnson Street. Its intake was capped about two feet below the floor level. At the time in question ten gasoline-propelled trucks and two automobiles were parked in this garage, each of which contained an undetermined amount of gasoline in its tank.

Appellant owned and operated the gas system which furnished natural gas to the inhabitants of the city of Keokuk. One of its gas mains was on Eleventh Street and located four feet from the outside wall of the garage. This main, constructed in 1950 of new cast-iron pipe, was buried to a depth of thirty inches and covered with some macadam and a six-inch concrete cap. It carried gas at 40 pound pressure. At the time in question, in accord with appellant's custom, an additional amount

of "odor" was added to the gas as an aid in detecting leaks throughout its system. No complaints as to a leak in this location had been received by the company.

On the morning of November 1, 1953, decedent went to the garage for a truck to make local deliveries. He got into a truck, backed it out into the aisle and drove forward to the door, which was closed. As he was getting out of the truck an explosion occurred from which he sustained burns and died the next day.

Shortly after the explosion, tests were made inside the building by appellant's employees and no gas was detected. Two tests were made outside and no gas detected. The next morning, Monday, November 2, 1953, employees made outside tests the full length of the building on Eleventh Street and traces of gas were detected. The main was then uncovered for the entire distance along the building and at least one leak was found which when lighted flamed up some three feet and then settled back to a steady flame ten to twelve inches high. Dr. Lionel K. Arnold, a professor of Chemical Engineering at Iowa State College, testified, as an expert on explosions, as a witness for the plaintiff. There is considerable testimony by him as to the explosive qualities of natural gas and of sewer gas and in what respect and under what conditions there is a similarity between the two gases. In answer to a hypothetical question, he stated, "It is my opinion that gas leaked from the natural gas main and passed in through the foundation wall under the floor of the garage and leaked up into the garage proper until it was present there in concentration sufficient that an explosion occurred when it became ignited. The ignition may have resulted from the truck backfiring or from the leak—some sparking in the electrical system of the truck." He also gave as his opinion, that the probable cause of the explosion as he stated (natural gas) was more probable than any other cause or probable cause of the explosion. Upon behalf of the defendant, testimony was offered as to the type and condition of the sewer, complaints as to sewer gas, of a faulty cap upon the sewer connection buried in the garage, the care used by it in policing its mains for possible leaks and the presence of gasoline in the garage.

Three propositions are advanced by appellant in support of its claimed right to a directed verdict: (1) Res ipsa loquitur does not apply; (2) if so, defendant has rebutted the inference as a matter of law; (3) no showing of freedom from contributory negligence.

 III. As we have stated innumerable times, the res ipsa loquitur doctrine is a rule of evidence that under certain circumstances permits, but does not require, a finding of negligence. Those circumstances are twofold. (1) The instrumentality causing the injury is under the exclusive control of the defendant, and (2) the occurrence is such that in the ordinary course of things, based upon common experience, it would not happen if reasonable care were used. Young v. Marlas, 243 Iowa 367, 51 N.W.2d 443, and authorities therein cited. It is conceded by defendant that the gas main located near the garage was under the exclusive control of the defendant. There is evidence from which the jury might find the explosion was caused by escaping natural gas. While it is conceded that natural gas is a highly dangerous commodity, common experience tells us that ordinarily an explosion will not happen if due care has been exercised in the control thereof. This was the state of the record at the close of plaintiff's evidence, and as stated in Young v. Marlas, supra, 243 Iowa at page 371, plaintiff then had made a prima-facie case sufficient to go to the jury. While it is true that the authorities are not agreed upon the applicability of the res ipsa loquitur rule in cases involving escaping gas, see annotations, 138 A. L. R. 909, 26 A. L. R.2d 194 and 33 A. L. R.2d 831, this court has held the rule to be applicable and we see no sound reason for a change. See Sutcliffe v. Fort Dodge Gas & Electric Co., 218 Iowa 1386, 257 N.W. 406; Blackman v. Iowa Union Electric Co., 234 Iowa 859, 14 N.W.2d 721.

 IV. Appellant contends, assuming a prima-facie case at the close of plaintiff's evidence, that as a matter of law it has overcome the inference thus created by proof that the explosion might just as well have been caused by other agencies not in its control. Such a proposition was urged in Young v. Marlas, supra, 243 Iowa at page 371, where it was rejected upon the theory that the issue is, at least ordinarily, for the jury after a

prima-facie case has been established. We find nothing in this record calling for a different rule.

V. Further, it is claimed a verdict should have been directed due to a failure of plaintiff to show his decedent was free from contributory negligence. No eyewitness testified as to the action or conduct of decedent just prior to the explosion. There is testimony of a statement made by decedent following the explosion, tending to show someone was in the garage with him at the time thereof. Who he was is not stated. There is also testimony by decedent's administratrix as to efforts to find eyewitnesses and her inability to do so. It appears that the Court instructed the jury as to the no-eyewitness rule, although the manner thereof does not appear in the record as the instructions are not set forth therein. Under this record we are not prepared to say the submission of the no-eyewitness rule was error and hence a failure of proof, such as to require a directed verdict.

Under this record the trial court was correct in submitting the case, under Count II, to the jury.

VI. Finally, it is urged by appellant that the trial court abused its discretion in granting plaintiff a new trial. The trial court in ruling upon the motion for a new trial said, in part, "The court is of the opinion that the verdict in this case is contrary to the evidence. The Supreme Court of Iowa has, in a number of cases, said that when the trial court feels that substantial justice has not been done a new trial should be granted. The court feels that substantial justice has not been done in this case. * * *."

The rule is well established that the trial court has a wide discretion in the matter of granting a new trial and only where a clear abuse appears will this court interfere, and it is with more reluctance that we interfere when a new trial is granted than when it is denied. Farmers Insurance Exchange v. Moores, 247 Iowa 1181, 78 N.W.2d 518; Jacobsen v. Gamber, 249 Iowa 99, 86 N.W.2d 147.

In addition to the statement of the trial court above set forth, it states that Instruction No. 13, relating to the res ipsa loquitur doctrine, is confusing and probably incorrect. It then states, "Nothing would be gained by prolonging this opinion by the court setting forth wherein it believes the ver-

dict is contrary to the evidence. Sufficient to say this court is of the opinion that in a consideration of the case as a whole, including the confusing nature of Instruction No. 13, substantial justice has not been done in the trial hereof."

 Rule 244, R. C. P., states the various grounds upon which a new trial may be granted, one of them being "(f) That the verdict, report or decision is not sustained by sufficient evidence, or is contrary to law." This ground was set forth in the motion and was the one upon which the same was sustained. Also, irrespective of the rule, which merely states a prior statute, we have held that it was the inherent right of the trial court to grant a new trial where substantial justice has not been effectuated, and this is true irrespective of a conflict in the evidence.

 In determining this question we are not determining whether on an appeal from a judgment on the verdict a reversal would be necessary, but whether or not, in setting aside the verdict and granting a new trial, the trial court abused its discretion. While Instruction No. 13 is not a model one and is perhaps, standing alone, confusing, we are not called upon to determine if it constituted a reversible error. No objection was taken thereto and no specific error assigned thereto. Neither does it appear to be the sole reason for the trial court's action in granting the new trial. That action appears to be based upon an over-all appraisal of the trial and a conclusion that the verdict was contrary to the evidence. This ground, rule 244(f), would seem to be based upon the trial court's reaction to the over-all view of the original proceedings, a view which does not present itself to this court through the printed record. In the absence of a clear showing of no reasonable basis for such a reaction, this court should be very reluctant to say there was an abuse of discretion. Under this record we fail to so find.

Finding no error, the judgment should be and is affirmed. —Affirmed.

All JUSTICES concur except BLISS, J., who takes no part.