KATHY HAASE (CARNAHAN) by her next friend, NELDA HAASE, and NELDA HAASE, appellants, v. THE HUB-CO CREDIT UNION and BURL HAASE, appellees.

No. 50652.

JUNE 12, 1962.

George L. Norman and H. F. Martin, both of Keokuk, for appellants.

Boyd, Walker & Concannon, of Keokuk, for appellee Hub-Co Credit Union.

McManus & McManus, of Keokuk, for appellee Haase.

HAYS, J.—This action, originally brought in equity, upon motion of the defendant Hub-Co Credit Union was transferred to law and tried to the court without a jury.

It is to recover certain deposits made with the Hub-Co Credit Union in the name of Nelda Haase and her daughter Kathy Haase. The deposits were for $1000 and $52.50 respectively. The actual deposits were made by Burl Haase, the then husband of Nelda Haase and passbooks were issued to Nelda and Kathy and continuously retained by them. At the time the action was started, the passbooks showed the original deposits with no withdrawals, while the balances as shown by the Credit Union's books showed $5.17 to Nelda's credit and nothing to the credit of Kathy. It is conceded the withdrawals were made by Burl Haase

in a manner contrary to rules printed in the passbooks, but there is a dispute in the record as to whose money was originally deposited, as to Nelda's knowledge and consent to the withdrawals and the use of the money thereafter. Upon motion of the Credit Union, Burl Haase was brought in as a third-party defendant. After a hearing the court dismissed the Kathy Haase petition. It entered judgment against the Credit Union in favor of Nelda Haase for $1000. It entered judgment against Burl Haase in favor of the Credit Union for $994.83. Thereafter Burl Haase moved for a new trial which the trial court sustained and plaintiffs appeal.

I. Errors assigned are: (1) The trial court abused its discretion in granting the third-party defendant a new trial. (2) The trial court erred in refusing to grant plaintiffs' motion to enlarge the findings to include interest. We might state that we have not been favored with a brief and argument by the appellees. We also wish to state that we do not approve of the procedure adopted by the trial court with the apparent approval of counsel for both parties, that is—taking the testimony under the rule in equity cases, i.e., subject to the objection. In all law actions, whether tried with or without a jury, objections to testimony should be ruled upon by the trial court, at least prior to submission of the case.

II. The motion for a new trial set forth nine reasons as a basis therefor. Number 6 stated the court permitted plaintiff and her witness to testify to matters which were objected to and should not have been considered as evidence inasmuch as this case was at law and not equity. Number 7 said the court erred in permitting testimony to come in under the rule when this case was not a trial in equity.

The trial court in ruling upon the motion found that there was error in the admission of evidence and that in the interest of justice a new trial should be granted. It apparently sustained the motion as to reasons No. 6 and No. 7, supra.

III. Appellants' argument may be summed up as follows: Appellees, in the trial court, at no time prior to the filing of the motion for a new trial objected to the manner in which the rulings upon objections were handled, and hence waived the same,

leaving nothing for the court to consider in the motion. Had the motion been overruled and an appeal taken by the movants, such an argument might be well taken. Gaar, Scott & Co. v. Nichols, 115 Iowa 223, 88 N.W. 382; In re Estate of La Grange, 191 Iowa 129, 181 N.W. 807; In re Estate of Coleman, 238 Iowa 768, 28 N.W.2d 500.

■ ■ However, we have here a different situation. The motion was sustained, which confronts us with a different line of cases. In Jaffray & Co. v. Thompson, 65 Iowa 323, 326, 21 N.W. 659, we said, "Where, then, improper evidence is admitted in the trial of an action at law, though the trial be to the court, it must be deemed an error, unless the record shows affirmatively that it was afterward discarded." In In re Estate of Conner, 240 Iowa 479, 492, 36 N.W.2d 833, 841, it is said, "On appeal in an action at law tried without a jury where evidence was admitted over objections, it will be presumed the court considered such evidence, and if it is incompetent and the evidence as a whole is conflicting, the judgment will be reversed."

■ ■ We are also faced with a third line of cases which hold that the granting or the refusal to grant a new trial rests in the sound discretion of the trial court and only where it appears there has been an abuse of such discretion will this court interfere; that we are more reluctant to interfere where a new trial has been granted than refused. Hall v. West Des Moines, 245 Iowa 458, 62 N.W.2d 734; Torrence v. Sharp, 246 Iowa 460, 68 N.W.2d 85; Henrich v. Oppedal, 248 Iowa 509, 81 N.W.2d 429. In Whiting v. Cochran, 241 Iowa 590, 592, 41 N.W.2d 666, 667, it is said: "A new trial should be granted when the trial court is of the opinion that the verdict fails to administer substantial justice * * *."

■ This is the basis upon which the trial court granted the new trial. We are not inclined to dispute the trial court as to such matters, especially in view of the record and argument before us. We hold that we find no abuse of discretion in the granting of a new trial such as to call for interference therewith.— Affirmed.

All JUSTICES concur.