DARLENE WHITE, appellee, v. FLOYD WALSTROM, appellant.

No. 50773.

(Reported in 118 N.W.2d 578).

DECEMBER 11, 1962.

John H. Mitchell, of Mitchell, Mitchell & Murray, of Fort Dodge, for appellant.

Smith & Hanson, of Emmetsburg, for appellee.

PETERSON, J.—This is an automobile-collision action. It occurred on August 16, 1958, on highway No. 5, west of Fort Dodge. Plaintiff was driving a 1955 Ford and defendant a 1952 Plymouth. Plaintiff is a farm housewife, 25 years of age.

The scene of the collision was in a 45-mile-per-hour speed zone. It happened on a sunny day. The pavement was straight and completely dry. Both cars involved were in good operating condition. Highway No. 5 runs east and west.

The collision occurred near the Porter Feed Company plant. The plant was located on the south side of the highway with driveways running north and south on both the east-and-west side of the building. The two driveways were about 200 feet apart. There were some changes made between the date of the collision and the date of the trial and there is conflict in the evidence as to the distance between the two driveways on the date of the collision.

When plaintiff's car was nearly opposite the Porter Feed Company plant there was the following procession of cars and trucks: a Porter Feed Company truck as the first vehicle; two automobiles moving back of the truck; plaintiff's car; defendant's car back of plaintiff's car approximately 50 feet; a green truck about 50 feet back of defendant's car. These cars were moving west at the rate of about 40 miles per hour. When the Porter truck reached the driveway north of the plant it slowed up and turned to the left, crossed the highway and proceeded into the west plant driveway. When the truck slowed up, the two cars in front of plaintiff's car and plaintiff all slowed up,

cutting their speed to about five miles per hour. Plaintiff testified when she saw the truck turning to the left she put her foot on the brake and started the red light flashing at the rear of her car. Defendant testified he saw the red light.

Defendant put on his brakes, but he was unable to stop in time and struck plaintiff's car a hard blow in the rear. He testified he thought her car was stopped.

The collision jolted Mrs. White's head and it snapped back and forth and caused injuries in the back of her head, neck and upper spine. There was some damage to both cars, but it was not extensive.

Plaintiff was injured to the extent that it became necessary for her to have surgery on the cervical vertebra and later she had to have surgery to remove a keloid scar on her neck. Her injury was partially permanent.

The case was reached for trial in September 1961 and was submitted to the jury. The jury returned a verdict for defendant.

I. Plaintiff filed motion for new trial. December 21, 1961, the trial court sustained the motion. It was sustained on two acceptable grounds. The trial court listed four reasons for granting the new trial. We recognize only two as a basis for the order sustaining the motion. The other two alleged grounds are not persuasive. The two grounds stated by the court on which we will sustain its action are: First. The court stated it committed error in failing to admit into evidence the discovery deposition of defendant, known as Exhibit "K". Second. In considering the complete record the court decided, in the interest of justice, plaintiff was entitled to a new trial.

II. A trial court has wide discretion in granting a new trial. We will only interfere when that discretion has been abused.

We could cite dozens of cases from this jurisdiction supporting the principle. We will only cite a few recent cases: Haase v. Hub-Co Credit Union, 253 Iowa 1202, 1205, 115 N.W.2d 880; In re Estate of Willesen, 251 Iowa 1363, 105 N.W.2d 640; Harden v. Illinois Central Railroad Co., 253 Iowa 341, 112 N.W.2d 324; Webster v. City of Colfax, 250 Iowa 181, 93

N.W.2d 91; Holmes v. Gross, 250 Iowa 238, 249, 93 N.W.2d 714; Larimer v. Platte, 243 Iowa 1167, 1174, 53 N.W.2d 262; Steensland v. Iowa-Illinois Gas & Electric Co., 242 Iowa 534, 536, 47 N.W.2d 162; Henrich v. Oppedal, 248 Iowa 509, 514, 81 N.W.2d 429; Wilson v. Iowa State Highway Commission, 249 Iowa 994, 90 N.W.2d 161.

The principle has been stated in many cases under various wordings and expressions. We quote a few.

In Steensland v. Iowa-Illinois Gas & Electric Co., supra, we said: "We have repeatedly pointed out the wide discretion the trial court has in granting a new trial."

In Henrich v. Oppedal, supra, the court said: "The trial court has wide discretion in ruling on motion for new trial. We interfere with reluctancy, and only where it appears the discretion has been abused."

In Haase v. Hub-Co Credit Union, supra, we said: "We are also faced with a third line of cases which hold that the granting or the refusal to grant a new trial rests in the sound discretion of the trial court and only where it appears there has been an abuse of such discretion will this court interfere."

In Larimer v. Platte, supra, the court said: "Defendant Platte invokes the familiar doctrine that a trial judge has a good deal of discretion in granting or refusing a new trial and we will not interfere unless it is reasonably clear such discretion was abused."

In Holmes v. Gross, supra, we said: "We have held in many cases that the trial court has a wide discretion in connection with the granting of a new trial."

III. Appellant contends under the facts and law of the instant case the trial court's discretion was abused.

A specific contention was that the motion was not sustained on any ground listed in R. C. P. 244.

The trial court in substance adhered to two of the grounds set out in the rule. (Paragraphs a and h)

One ground on which the trial court granted a new trial is covered by separate reference to and ruling upon it. Another ground is that the court granted a new trial "in the interest of justice." This is a common-law ground and the power

to grant a new trial thereunder is based on the inherent powers of the court.

IV. The court's first basis for a new trial was that the court erred in ruling on admissibility of evidence. The court specifically referred to its error in failing to rule properly as to the admission of defendant's deposition marked Exhibit "K".

Rule 128, Rules of Civil Procedure, provides: "Effect of admission. Any admission made by a party pursuant to such request is for the purpose of the pending action only and neither constitutes an admission by him for any other purpose nor may be used against him in any other proceeding." There was some variance between defendant's testimony in the discovery deposition and his testimony on the trial, concerning which plaintiff tried unsuccessfully to inquire. Doubtless this was the matter to which the court referred.

Rule 144, Rules of Civil Procedure, in pertinent part, provides:

"Use of depositions. Any part of a deposition, so far as admissible under the rules of evidence, may be used upon the trial or at an interlocutory hearing or upon the hearing of a motion in the same action against any party who appeared when it was taken, or stipulated therefor, or had due notice thereof, either: * * *

"(b) For any purpose if, when it was taken, deponent was a party adverse to the offeror, or was an officer, partner or managing agent of any adverse party which is not a natural person; * * *."

Under the above rule, unless we intend to tack some additional requirement on it, plaintiff may put defendant's deposition in evidence as part of the plaintiff's case, so far as the deposition is admissible and relevant. In fact plaintiff can make his whole case on defendant's deposition if he so desires. He could always prove his case by statements of defendant made out of court or put the defendant on as his own witness. It is no longer necessary to make defendant your own witness. Rule 145 (b), Rules of Civil Procedure. This is one of the rights extended under the discovery depositions. Some districts now do this freely, others apparently do not. This right should be

made clear. Our case of Robinson v. Fort Dodge Limestone Co., 252 Iowa 270, 106 N.W.2d 579, 583, did not adequately do this. It could have been made clear. In that case the defendant wished to use the deposition to impeach plaintiff and to show his theory of the case was different at that time from what it was on the trial. It was clearly admissible as an admission against interest. It should have been emphasized that it could have been used for any purpose. It is hardly possible a party would wish to use a deposition of the other that does not help the offeror.

Erroneous rulings as to admissibility of evidence may be one of the grounds of the court as to the granting of a new trial. Haase v. Hub-Co Credit Union and Steensland v. Iowa-Illinois Gas & Electric Co., both supra; In re Estate of Conner, 240 Iowa 479, 492, 36 N.W.2d 833, 841; Robinson v. Fort Dodge Limestone Co., 252 Iowa 270, 106 N.W.2d 579.

In Jaffray & Co. v. Thompson, 65 Iowa 323, 326, 21 N.W. 659, we said: "Where, then, improper evidence is admitted in the trial of an action at law, though the trial be to the court, it must be deemed to be an error, unless the record shows affirmatively that it was afterwards discarded."

V. The trial court also exercised its discretion in ordering a new trial on the principle of granting same in the interest of justice. This is a broad ground which has been recognized in our jurisdiction for many years.

The trial court has inherent power to set aside a verdict and grant a new trial where a party has not received a fair and impartial trial.

The right of the court to order a new trial for lack of substantial justice was recognized in Sergeant v. Watson Bros. Transp. Co., 244 Iowa 185, 52 N.W.2d 86. In Schneider v. Keokuk Gas Service Co., 250 Iowa 37, 42, 92 N.W.2d 439, the trial court said:

" 'The Supreme Court of Iowa has, in a number of cases, said that when the trial court feels that substantial justice has not been done a new trial should be granted.' "

In Webster v. City of Colfax, 250 Iowa 181, 185, 93 N.W.2d 91, the court said: "We have often said the trial court should

grant a new trial where it clearly appears that the verdict does not effectuate substantial justice or that the jury from any cause clearly has failed to respond to the real merits of the controversy."

In Steensland v. Iowa-Illinois Gas & Electric Co., 242 Iowa 534, 537, 47 N.W.2d 162, the court said: "A new trial should be granted when the trial court feels the verdict fails to administer substantial justice or it appears the jury has failed to respond truly to the real merits of the controversy."

We also said in In re Estate of Murray, 238 Iowa 112, 115, 26 N.W.2d 58: "A trial court should grant a new trial where it appears the verdict does not effectuate substantial justice or the jury, from any cause, has failed to respond truly to the real merits of the controversy."

In the case of Wilson v. Iowa State Highway Commission, 249 Iowa 994, 1001, 90 N.W.2d 161, the court granted a new trial and after mentioning the discretion of the trial court in granting a new trial said: "We have said further, that even though no single one of them be sufficient in itself, yet, if when they are all considered together, they can reasonably support the conclusion of the trial court that a fair trial has not been had, the order for a new trial will be sustained."

VI. Another specific contention of appellant is that the trial court failed to refer to separate grounds for new trial as provided in R. C. P. 118. The trial court lists two acceptable grounds in the instant case.

As to appellant's complaint concerning this rule, Volume I of Cook's Iowa Rules of Civil Procedure, Revised Edition, in the 1962 Pocket Part, the following observation from the recent case of In re Estate of Burrell, 251 Iowa 185, 100 N.W.2d 177, states: "Where motion for directed verdict against will contestant, although it contained many paragraphs, covered only three principal matters and the ruling of trial court discussed each matter definitely and at length, and in consideration of each matter the court held that motion should be sustained, and after so sustaining the motion the court stated that the motion 'and each ground and paragraph thereof separately and

individually' were sustained, there was sufficient compliance with this rule."

The discretion lodged in the trial court was not abused. Order granting new trial is affirmed.—Affirmed.

All JUSTICES concur except STUART, J., who takes no part.